### BROCK v. HUDSPETH, Warden.

#### No. 2008.

Circuit Court of Appeals, Tenth Circuit.

April 15, 1940.

Allan R. Phipps, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This appeal is from an order denying petition for a writ of habeas corpus. Cecil Brock, along with others, was indicted in the federal court for the Eastern Division of Arkansas, for conspiring to commit the offense of harboring one Alvin Karpis, a federal fugitive, in violation of the statutes of the United States, 18 U.S.C.A. § 88, and 18 U.S.C.A. § 246. Petitioner was arraigned and entered a plea of not guilty. He was tried, convicted and sentenced to imprisonment for a term of two years. He is now in the custody of respondent.

Petitioner first challenges the sufficiency of the indictment in that it failed and omitted to properly apprise him of the charges and that it failed to state any overt act arising from the conspiracy committed by him or any of the other defendants, in his presence or with his knowledge or consent.

■ The construction to be put on the indictment as to the lack of certainty, sufficiency or defect in the statement of the offense with which the party is charged, is to be determined by the trial court. If it erred in determining these questions, its judgment would not be void but would be subject to correction on writ of error. Goto et al. v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036. Only when it plainly appears on the face of the record that no crime was charged, can a court by habeas corpus inquire into the validity of the indictment. Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541.

■■ Petitioner states further that the indictment does not charge him with any overt act and that no overt act was committed in his presence or with his knowledge. Where a conspiracy is charged, it is not essential that all of the conspirators take part in an overt act or acts arising from the conspiracy. It is enough if an overt act was committed by one of the conspirators in furtherance of the conspiracy. So long as petitioner took part in the conspiracy it would be immaterial whether he committed an overt act or knew of it, provided an overt act was committed by one of the conspirators. United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; United States v. Anderson, 7 Cir., 101 F.2d 325; Curtis v. United States, 10 Cir., 67 F.2d 943.

Petitioner alleges that he was deprived of the constitutional right afforded him by the Sixth Amendment of the Constitution, which grants the accused in a criminal trial the right to be confronted by the witnesses against him. He offers no proof in support of this allegation, either by way of deposition or the record of the trial proceedings. He does say in his allegation that one witness, after testifying against him, was removed from the court's jurisdiction by the government before he had an opportunity to cross-examine. Assuming that what petitioner says is true, still the jurisdiction of the trial court would not be impaired. Although the deprivation of constitutional rights is closely guarded against, the remedy for such deprivation is not always in habeas corpus.

■ Unless the denial of some such right will prevent the court from taking jurisdiction or will remove jurisdiction when once it attaches, by the failure to grant the accused due process of law in the trial, there can be no interference with the trial court's judgment by habeas corpus proceedings. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Farnsworth v. Zerbst, supra.

■ In determining whether the deprivation of constitutional rights amounts to a denial of due process, the inquiry on habeas corpus is directed to a review of the entire proceedings and not to each separate part and step thereof. If the total result was the granting to accused of a fair and deliberate trial, then no constitutional rights have been invaded and the proceedings will not be disturbed. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969. Here there is no showing of irregularity in the proceedings or that petitioner did not have a fair trial.

Petitioner charges that the United States District Attorney for the Eastern District of Arkansas and certain agents of the Federal Bureau of Investigation conspired to deprive him of a fair trial, but offers no proof in support of this allegation. On the other hand, the affidavit of the special agent in charge of this case denies any conspiracy to so prejudice petitioner's rights. The court below specifi-

cally found that no such conspiracy existed.

Numerous other grounds in support of allowing the writ are urged by petitioner. He complains that he was denied the right to a separate trial; that he was prevented from introducing certain evidence and that inadmissible evidence was allowed to come in for the government; that the evidence failed to sustain his conviction; that he was not informed of his right to appeal; that he was denied a list of the witnesses against him and the benefit of compulsory process; and that he was refused a copy of the indictment. The affidavit of the United States Attorney and the findings of the court below remove any doubt concerning the denial of a list of witnesses or compulsory process and a copy of the indictment to petitioner. It will be noted, also, that petitioner was represented throughout his trial by able counsel, who did have a copy of the indictment. As to the other points urged by petitioner, it is enough to say that they all fall within the familiar rule that unless the questions raised on habeas corpus pertain to the jurisdiction of the court over the person or subject matter or go to the legality of the sentence imposed, they will not be heard. Reger v. Hudspeth, 10 Cir., 103 F.2d 825, 826; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759.

The order of the lower court denying the petition is affirmed.