## LYNCH v. JOHNSTON.
### No. 11478.

Circuit Court of Appeals, Ninth Circuit.
March 19, 1947.

Joseph P. Lynch, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, STEPHENS and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant, while confined in a federal penitentiary at Lewisberg, Pennsylvania, killed another inmate. When brought to trial he was represented by appointed counsel, pleaded guilty to the crime of second-degree murder and was thereupon sentenced to a term of twenty years imprisonment. See United States v. Lynch, 3 Cir., 132 F.2d 111, certified denied, 318 U.S. 777, 63 S.Ct. 831, 87 L.Ed. 1146. Being presently confined under that sentence in the penitentiary at Alcatraz Island, he petitioned the court below for a writ of habeas corpus. That court denied the petition without issuing an order to show cause, and appellant appealed.

Where, as here, no order to show cause is issued and no return is made or hearing had, the law requires that all of the allegations of fact contained in the petition be treated as true. Williams v. Kaiser, 323 U.S. 471, 473, 65 S.Ct. 363, 89 L.Ed. 398, House v. Mayo, 324 U.S. 42, 45, 65 S.Ct. 517, 89 L.Ed. 739; White v. Ragen, 324 U.S. 760, 763, 65 S.Ct. 978, 89 L.Ed. 1348. If a petition is clearly insufficient upon its face, it is proper to dismiss it. 28 U.S.C.A. § 455; Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Dorsey v. Gill, App.D.C., 148 F.2d 857, 870.

The petition in this case is not drawn with desirable precision and clarity. However, "technical nicety" is not required in setting forth the allegations on which a petitioner relies to impeach the validity of his conviction. His petition plainly indicates that he desires to reveal facts which he was coerced from revealing which he claims would have been good defense to the charges of which he was convicted. We are of the view that enough is charged or implied therein to require a hearing on the petition.[1]

The case is remanded with directions to grant petitioner a hearing on his petition.

---

[1] We have the advantage of the court below in that we have before us appellant's brief in which he presents what is in effect an "interpretation" of some of the allegations of his petition.