**FRANEY**

v.

**STATE OF FLORIDA et al.**

No. 14781.

United States Court of Appeals, Fifth Circuit.

March 31, 1954.

Logan M. Franey, in pro. per.

Richard W. Ervin, Atty. Gen. of Florida, Reeves Bowen and Mark R. Hawes, Asst. Attys. Gen., for appellees.

Before STRUM and RIVES, Circuit Judges, and DAWKINS, District Judge.

RIVES, Circuit Judge.

On appellant's petition for *habeas corpus*, the district judge declined to issue the writ or a show cause order, and while granting leave to appeal *in forma pauperis*, the court denied a certificate of probable cause, 28 U.S.C.A. §

2253. We treat the appeal as an application for such a certificate, without which the order of the district court is not reviewable in this Court. Harris v. Ellis, 5 Cir., 204 F.2d 685.

The appellant has apparently exhausted his remedies in the State Courts. Franey v. State, Fla., 64 So.2d 687, certiorari denied 345 U.S. 960, 73 S.Ct. 946, 97 L.Ed. 1380.

On July 19, 1949, under two separate informations, he was given concurrent five-year sentences to commence from the date of his delivery to the State Prison of Florida. The next day, before he had been transferred from the county jail to the state prison, each of those sentences was set aside and vacated and he was sentenced to life imprisonment as an habitual criminal. On September 20, 1951, the court granted his motion to vacate the life sentence, and then ordered him returned to the custody of the county sheriff "so that he can be again brought before this Court for the imposition of a proper sentence." More than a year later, on September 30, 1952, as to one of the informations, the Court estimated that, "had the said five year sentence of July 19, 1949 not been vacated by the court you would have completed serving said sentence, under the said time law, in three and a half years, December 19, 1952, provided your conduct as a prisoner for the remaining few months did not cause you to forfeit the gain time you would have earned", and therefore sentenced the appellant to only ninety-two days for that offense. Upon the other information, however, the court imposed a sentence "for the full term and period of five (5) years said sentence to run consecutively to the 92 day sentence   *   *   *."

The appellant says that he has reason to complain that if the orig-

inal *concurrent* five year sentences had not been set aside by the court in order to sentence him to life imprisonment, later found to be an erroneous sentence, he would already have completed the service of both of his original legal sentences. It is clear, however, that those sentences were set aside before they had begun to run. Dettmer v. Mayo, Fla., 61 So.2d 192. A more severe sentence might then at the same term have been imposed without subjecting the appellant to double punishment or double jeopardy. 15 Am.Jur., Criminal Law, Sec. 473; Annotation 168 A.L.R. 707. It follows that the appellant might on July 20, 1949 have been legally sentenced to two five year terms of imprisonment to run consecutively rather than concurrently. Instead, the appellant was first imprisoned under an erroneous life sentence and then held in jail without any sentence before legal sentences were imposed upon him, and the court stated that it took all of that into consideration in imposing the ninety-two day sentence. In our opinion the appellant has not been subjected to the kind of double jeopardy or double punishment which would contravene the due process clause of the Fourteenth Amendment. Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. We agree with the opinion expressed by the learned District Judge that, "This Court must follow the interpretation of Florida law adopted by the Court of last resort of the State. All questions presented by this petition were determined against the petitioner by the Supreme Court of Florida in Franey v. State, 64 So.2d 687."

Neither of the judges of this Court is willing to issue a certificate of probable cause, and the appeal is therefore

Dismissed.