Otis LOPER, Appellant,

v.

O. B. ELLIS, General Manager, Texas Prison System, Appellee.

No. 15299.

United States Court of Appeals
Fifth Circuit.

Aug. 2, 1955.

Otis Loper, pro se.

Willis E. Gresham, Asst. Atty. Gen., for appellee.

Before HOLMES and RIVES, Circuit Judges, and THOMAS, District Judge.

THOMAS, District Judge.

Appellant, charged with the rape of his stepdaughter, was convicted November 17, 1947, in the District Court of Harris County, Texas, and given a sentence of fifty years. He did not appeal from the judgment of conviction. Later, he sought relief with a petition for writ of *habeas corpus* in the District Court of Houston County, Texas. Upon a hearing, the judge of that court remanded petitioner to the custody of the prison authorities.[1] The Texas Court of Criminal Appeals affirmed the judgment refusing discharge on the writ, and held, inter alia, that the judgment of conviction in the Harris County court appeared valid; that the matters offered in support of the petition for *habeas corpus* should have been urged in the trial of the Harris County case, or upon an appeal therefrom; and that the writ of *habeas corpus* could not be resorted to in lieu of such appeal, citing numerous Texas cases.[2] Rehearing was denied,[3] and the United States Supreme Court denied certiorari, June 20, 1949.[4]

Appellant then filed a succession of petitions for a writ of *habeas corpus* in the United States District Court for the Southern District of Texas. From the order of the district judge on the last of these petitions, appellant seeks to prosecute this appeal. The memorandum included in the order of the district judge finds: (1) that "neither Petitioner's Petition nor the matters he submits show that he is in custody in violation of the Constitution, laws, or treaties of the United States"; (2) that "neither Petitioner's Petition nor the matters submitted in connection therewith comply with the provisions of Section 2242, Title 28 U.S.C.A."; and (3) that "it appears that the legality of the detention

1. Ex parte Loper, 219 S.W.2d 81, 82.

2. Ex parte Loper, 219 S.W.2d 81, 82.

3. Ex parte Loper, 219 S.W.2d 81, 82.

4. Loper v. State of Texas, 337 U.S. 946, 69 S.Ct. 1504, 93 L.Ed. 1749.

of Petitioner has been heretofore determined by this Court on a prior application for Habeas Corpus, and that the present Petition presents no new grounds not heretofore determined, and that the ends of justice will not be served by the present inquiry." As to this last petition, there are no further findings.

The petition for leave to appeal *in forma pauperis* [5] was granted by the district judge, though at the same time he declined to issue certificate of probable cause.[6] Because of the absence of the certificate of probable cause, appellee moved this court to dismiss for want of jurisdiction to hear and determine the appeal; and further urged that there was no ground for the issuance of such a certificate, in that appellant's claims had been adjudicated adversely to him by the highest state court and certiorari denied by the United States Supreme Court. In support of his motion, appellee cited Harris v. Ellis, 5 Cir., 1953, 204 F.2d 685. Disposing first of appellee's motion, we treated the appeal as an application for a certificate of probable cause,[7] without which the order of the district court would not be reviewable in this court.

So considering the record before us, appellant's primary attack on his conviction alleges that he was deprived of due process of law under the Fourteenth Amendment, and in support of this allegation he urges the following circumstances: During the year following his conviction, his wife sent to him a certified statement, under date of April 26, 1948, to the effect that her failure to appear at the trial in November 1947 as a witness for her husband was due to a threat of prosecution from Harris County authorities for insufficient supervision of her daughter, if she (the wife) appeared in her husband's behalf; that this threat caused her to leave town, and she did not know when the trial took place; that she was certain her husband had not committed the offense with her daughter as alleged by the State.

Taking these allegations of the petition at their face value, as we necessarily must do,[8] we issued the required certificate of probable cause, and an order to send up the record of the prior petition from the district court, so that we might have the benefit of whatever light the prior petition could shed upon an inadequate record.[9]

A district judge is not required to entertain a succession of applications for writ of *habeas corpus* where the petition presents no new ground.[10] However, as was said by Mr. Justice Murphy, speaking for the court in Price v. Johnston, 334 U.S. 266, 293, 68 S.Ct. 1049, 1064, 92 L.Ed. 1356, "We are not unaware of the many problems caused by the numerous and successive *habeas corpus* petitions filed by prisoners. But the answer is not to be found in repeated denials of petitions without leave to amend or without the prisoners having an opportunity to defend against their alleged abuses of the writ. That only encourages the filing of more futile petitions. The very least that can and should be done is to make *habeas corpus* proceedings in district courts more meaningful and decisive, making clear just what issues are determined and for what reasons."

Petitioner here is not represented by counsel, and should not be held to the niceties of pleading.[11] In our opinion, his petition substantially com-

5. 28 U.S.C.A. § 1915.

6. 28 U.S.C.A. § 2253.

7. Franey v. State of Florida, 5 Cir., 1954, 211 F.2d 447, 448. And as to appellee's second objection, see House v. Mayo, 324 U.S. 42, 48, 65 S.Ct. 517, 89 L.Ed. 739.

8. Lynch v. Johnston, 9 Cir., 1947, 160 F.2d 950, 951.

9. Rule 75(h); Federal Rules of Civil Procedure, 28 U.S.C.A. See also Price v. Johnston, 334 U.S. 266, 276, 68 S.Ct. 1049, 92 L.Ed. 1356.

10. 28 U.S.C.A. § 2244.

11. Baker v. Ellis, 5 Cir., 1952, 194 F.2d 865, 866.

plies with the requirements of Section 2242 of Title 28 U.S.C.A., although the district judge thought otherwise. We have considered, too, although the question has not been raised, whether petitioner has complied with Section 2254 of Title 28, the second paragraph of which reads as follows: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

Having examined the record of two prior petitions in the United States District Court for the Southern District of Texas,[12] and the opinion of the Texas Court of Criminal Appeals, as reported in 219 S.W.2d 81, we find no mention made of the particular allegations on which petitioner bottoms this appeal. Nevertheless, the petition now before us alleges: (1) the petitioner has furnished certified legal documents and statement signed by his wife as evidence that a crime has been committed and that he is being deprived of the right of equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States and the right of due process of law; (2) petitioner filed application for *habeas corpus* in the Court of Criminal Appeals, Austin, Texas, in case No. 24373, and did file certiorari in the United States Supreme Court; (3) the Court of Criminal Appeals, denying the petitioner a restoration of his liberty, based (its ruling) on the contention that the State was deprived of the right to cross examine the petitioner's wife when she signed the statement.[13] Petitioner further alleges

that he has exhausted all sources open to him in the state court.

A copy of the purported affidavit of the wife is attached to the instant petition for the writ of habeas corpus. It is dated April 26, 1948, and is addressed "To the Honorable Judges: Court of Criminal Appeals; State of Texas." It is certified as being a true copy by the Clerk of the Court of Criminal Appeals of Texas. The Harris County authorities charged with making the alleged threat are not named as individuals or by office. The affidavit does not give the address of the affiant, though appellant states it was made at Dora, Alabama, in Walker County.[14] The seal of the justice of the peace is not shown on the certified copy, except by notation. Neither does the affidavit express a willingness on the part of affiant to return voluntarily to testify in person.

█ In fact, appellant's present petition for the writ requests the United States District Court to locate his wife so that she can come into court and give testimony and be cross-examined about the statement, and in connection with that request alleges that he has not been allowed to communicate with his wife. As authority for the requested apprehension and return of his wife, appellant cites Public No. 233, 73rd Congress.[15]

This statute is, of course, penal and applicable to criminal proceedings only. It cannot be invoked by appellant, if for no other reason than that a *habeas corpus* proceeding in a federal court is not a criminal proceeding. The right to communicate with his wife must be sought from the Texas authorities.

---

12. Petitioner's first petition for the writ in the United States District Court for the Southern District of Texas is predicated upon an alleged variation between the charge in the indictment and the verdict of the jury. His second petition, as indicated by the memorandum and order of the district judge, dated November 8, 1949, raises the additional question of the absence of counsel on the day sentence was imposed upon him. The questions presented in these two former petitions are not before us on appeal. Apparently there were also attempts to file other abortive petitions in the state and federal court.

13. Petitioner's last statement is not touched upon in the court's opinion, Ex parte Loper, 219 S.W.2d 81.

14. Appellant's affidavits were made in Walker County, Texas.

15. Now 18 U.S.C.A. § 1073.

Coming to the heart of the matter, the question before us is: do the present allegations of petitioner's petition, with supporting affidavit, merit an order to show cause followed by a full hearing?

██ If the affidavit of the wife was properly before the Texas Court of Criminal Appeals in case No. 24373, Ex parte Loper, 219 S.W.2d 81, it appears that appellant has exhausted his State court remedies, since the tenor of the opinion of the Texas court was to the effect that the particular remedy sought was not one allowed, under the circumstances, by state law;[16] and no other remedy was suggested. Nevertheless, whatever procedural route plaintiff travels, if he cannot locate his wife, he must be—as to his present allegations—in the same position as that philosopher who "heard much argument about it and about; but evermore came out by the same door" where in he went. For what appellant loses sight of is the fundamental truth that every petition for relief requires proof that the petitioner is entitled thereto before any relief can be granted; and the further fundamental fact that every such petition is subject to rebuttal of the allegations contained therein.

██ The test of due process under the Fourteenth Amendment was discussed by Mr. Justice Roberts, speaking for the court in Betts v. Brady, 316 U.S. 455, at page 461, 62 S.Ct. 1252, at page 1256, 86 L.Ed. 1595. In the course of that discussion it was said: "Asserted denial is to be tested by an appraisal of the totality of facts in a given case." In the present state of affairs as disclosed by the record, a hearing could not reveal the "totality of facts", with any advantage to appellant. It is true that appellant sought an order from the district court directed to the court reporter of the Criminal District Court of Harris County, Texas, "ordering and commanding the court reporter to duly certify and furnish the above-named plain-

tiff" * * * a certified copy of the transcript of the testimony of all witnesses. Appellant attempts to raise on this appeal the failure of the district judge to issue such an order. There is, however, no authority that we know of by which such an order could be issued.

We have concluded that the case should be reversed and remanded with leave to the appellant to file, within a reasonable time, an amendment to his petition,[17] if he can do so, to show clearly just how the specific question he seeks to raise now was raised in the Texas case which was appealed to the United States Supreme Court, and that this question cannot now be, by any applicable procedure, raised under the law of the State of Texas. If he cannot so amend his petition, it should be dismissed without prejudice to his right to pursue any available remedies in the courts of the state. We think, too, that leave should be given him to meet specified objections of the district judge as to any deficiencies under Section 2242 of Title 28 U.S.C.A.

If appellant can successfully meet these objections of the appellate and district courts as to the formal averments of his petition, he must then, we think, show that he is prepared to supplement his amended petition with more specific factual information obtained from the wife or others by proper affidavits, depositions, or interrogatories, before a final determination on the application for the writ.[18] To hold a hearing for appellant's benefit without more factual information than he is apparently able to muster at present would be an idle gesture. If appellant cannot, within a reasonable time, effectively supplement his allegations with more substantial proof, then his amended petition should be dismissed without prejudice to his right to renew it, if and when he can obtain such proof.

Reversed and remanded for further and not inconsistent proceedings.

---

16. House v. Mayo, 324 U.S. 42, 48, 65 S. Ct. 517, 89 L.Ed. 739.

17. 28 U.S.C.A. § 2242.

18. 28 U.S.C.A. §§ 2242 and 2246.