**Matter of the Application of Dupree POE.**

**Misc. No. 613.**

United States Court of Appeals Ninth Circuit.

Feb. 8, 1957.

Dupree Poe, in pro. per.

No other appearances were entered.

POPE, Circuit Judge.

Poe has presented to this Court what he calls a "Petition for a Writ of Probable Cause" which is in substance an application for a certificate of probable cause as prescribed by Title 28, § 2253. Pursuant to the Court rules, the petition has been assigned to me for consideration and action.

Poe proposes to appeal to this court from an order of the United States District Court for the District of Oregon denying his petition for a writ of habeas corpus. He is a prisoner serving a term in the Oregon State Penitentiary, pursuant to the judgment of an Oregon Court. His petition for writ of habeas corpus was denied by the district court on the ground that he had not exhausted his remedy in the state courts within the meaning of § 2254 of Title 28.

In considering whether I should issue this certificate I am of the opinion that I am permitted, as was the district judge, to "call for the record" of the state proceedings in which petitioner alleges he did attempt to procure the same relief. See Brown v. Allen, 344 U.S. 433, 463, 503, 73 S.Ct. 397, 97 L.Ed. 469. I have done that and discover that the records of the Circuit Court of Marian County, Oregon, show that on March 26, 1956, Poe filed in that court a petition for writ of habeas corpus; return thereto was filed on the 15th day of October, 1956; demurrer to the petition was filed; the demurrer was sustained and an order was entered dismissing the proceedings on the 13th day of

November, 1956. No notice of appeal from that judgment has been filed.

The order of the district court denying the application for habeas corpus was made and entered December 17, 1956. Petitioner makes some claim that he had no remedy in the state court because service of summons issued out of said court was refused for lack of $1.36 service fees which the petitioner did not have. However, as the records of that court show, a return was filed regardless of the absence of the payment of said sum of $1.36, and I must conclude therefore that petitioner simply failed to exercise all state remedies available to him within the meaning of Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The attempted appeal is thus manifestly frivolous, and a certificate of probable cause is denied.