307 P.2d 885

**STATE of Utah, Plaintiff and Respondent,**

v.

**Frank Delano GAY, Oliver Townsend and Willie Olen Scott, Defendants and Appellants.**

No. 8565.

Supreme Court of Utah.

Feb. 25, 1957.

Frank Delano Gay, Oliver Townsend, Willie Olen Scott, pro se.

E. R. Callister, Jr., Atty. Gen., K. Roger Bean, Asst. Atty. Gen., for respondent.

WORTHEN, Justice.

Defendants appeal from a conviction of robbery, and assign as error entitling them to a new trial the following:

1. That they were convicted by the deliberate use of perjured testimony.

2. That the court erred in admitting privileged communications between defendants and their attorneys.

3. That interrogation of defendants as to money believed taken in the commission of another crime was reversible error.

4. Misconduct of the trial judge.

Complaint is made that conviction of defendants was obtained by the use of perjured testimony which was known to be untrue. It must be conceded that the record contains some testimony which appears to have been recklessly given and some which would appear to be incorrect since with respect to some testimony some of the state's witnesses contradict other witnesses for the state. However, we are not constrained to attach any particular significance to the testimony since it is apparent that it could not have prejudiced the rights of defendants.

The question of credibility of the witnesses is for the jury. The contradictions were settled by their verdict.

Appellants complain that it was error to permit the District Attorney to inquire of appellant Scott about communications with his attorneys. Prior to the trial the District Attorney was served with a "Notice of Defense of Alibi." The notice stated:

"That on the 28th day of November, 1955, they were in the State of Okla-

homa at the farm of the grandparents of Willie Olen Scott, immediately outside the town of Meeker, Oklahoma."

At the trial appellant Scott testified that on November 28, 1955, he was at his mother's place. The District Attorney asked Scott if he had given his attorney information about his whereabouts on November 28, 1955, the date mentioned in the "Notice of Defense of Alibi."

■ We do not believe the question propounded by the District Attorney violated appellant's privilege. Presumably he had furnished his attorneys with the information contained in the "Notice"; if he hadn't, it certainly was proper that he be permitted to correct the information as to his whereabouts on the date in question. We do not believe objection would lie had the attorney for Scott asked leave to amend the "Notice," nor could objection be made had Scott been permitted to testify that he advised his attorneys that he stayed at his mother's place and the "Notice" was incorrect. Certainly defendant did not communicate to his attorneys information intended to be confidential. It was given for the purpose of enabling his attorneys to give the "Notice" to the District Attorney.

The following appears in 58 Am.Jur., Title Witnesses, Sec. 490:

"* * * However, in order that the rule as to privileged communications between attorney and client or its reason shall apply, it is necessary that the communication by the client to the attorney or his clerk be confidential, and be intended as confidential. The communication must be made in confidence for the purposes of the relation of attorney and client. If it appears by extraneous evidence, or from the nature of the transaction or communication, that confidence was not contemplated and that the communication was not regarded as confidential, then testimony of the attorney or client may be compelled."

■ As to the District Attorney's reference to money believed taken in the commission of another crime, the appellants offered testimony that prior to, on the date of and subsequent to the robbery charged, they were in Oklahoma and Tennessee. The District Attorney on cross examination asked appellant Scott whether while in Memphis, he and Townsend had visited the Board of Education. Scott answered in the negative. The District Attorney asked Townsend if some rolls of silver coins he had been carrying had "Memphis Board of Education" on them. Townsend answered that he had won the money gambling and he didn't know what it had on. Defense counsel moved for a mistrial. The court denied the motion but ruled the question immaterial. We are unable to see any error in the questions propounded. No reference was made to any other crime. Mr. Hunter,

of the Oklahoma State Crime Bureau, testified fully about finding wrapped silver with "Board of Education, Memphis, Tennessee" stamped on the wrapper. The only suggestion that defendants may have been connected with any other crime came from Mr. Hunter on cross examination by counsel for defendants. He testified that defendants Townsend and Scott had been under surveillance for some time and were arrested on December 4 after a burglary had been committed at Prague, Oklahoma the preceding night.

As to the last assignment, appellants allege that the trial judge left the bench while the trial was in progress after making the following statement to the District Attorney:

"The Court: Mr. Anderson, would you excuse me. I believe there is a man that is wanting to see me and I will see if I can take care of it. You may proceed."

The State did not dispute the statements made by defendants, nor does the State deny that the court conferred with a person not involved in the action and impliedly concedes that the trial court left the bench, but claims that the defendants were not prejudiced. The record does not disclose the physical action of the trial judge following the quoted statement, and the reporter did not indicate whether the judge left the bench for the conference, or if the third party came to the bench and conferred with the judge.

Appellants were represented by able counsel in the court below, but represented themselves on appeal and signed and apparently prepared their own briefs.

Counsel who represented defendants in the trial of the case and the District Attorney have filed with us a statement to the effect that the trial judge never left the bench. It is regrettable that the defendants misstated the facts, and that the attorney general, not having participated in the trial, was led to accept the appellants' statement as correct. The conduct of the defendants is inexcusable. Were they members of the Bar, such conduct would call for stern action. We find no merit to this assignment. Other contention of defendants do not merit discussion.

Affirmed.

McDONOUGH, C. J., and WADE, CROCKETT and HENRIOD, JJ., concur.