Frank Delano GAY, Oliver Townsend and Willie Olen Scott, Appellants,

v.

Marcell GRAHAM, Warden, Utah State Prison, Appellee.

No. 6109.

United States Court of Appeals
Tenth Circuit.

July 29, 1959.

**484**

Frank Delano Gay, Oliver Townsend and Willie Olen Scott, pro se.

E. R. Callister, Atty Gen. of Utah, and Richard R. Boyle, Asst. Atty. Gen. of Utah, filed a brief for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus. A certificate of probable cause is a jurisdictional prerequisite to an appeal to a United States Circuit Court of Appeals.[1] A certificate was refused in the court below, although a motion to be allowed to appeal in forma pauperis was granted. Hence, we may and do treat this appeal as an application for a certificate of probable cause.[2]

Petitioners were tried in a district court of the State of Utah and convicted of the armed robbery of a loan company in Salt Lake City. They were sentenced

---

1. 28 U.S.C. § 2253; United States ex rel. Carey v. Keeper of Montgomery County Prison, 3 Cir., 202 F.2d 267.

2. Loper v. Ellis, 5 Cir., 224 F.2d 901; Franey v. State of Florida, 5 Cir., 211 F.2d 447.

to and are presently imprisoned in the Utah State Prison. After judgment was entered, petitioners appealed to the Supreme Court of Utah, where their conviction was upheld. Certiorari was then denied by the United States Supreme Court. Two of the three petitioners made application for a writ of habeas corpus in the Utah courts, but were denied relief. No petition for certiorari for review of that ruling was made to the Supreme Court of the United States. The third petitioner has never petitioned for a writ of habeas corpus in the Utah courts.

■ Petitioners made application for a writ of habeas corpus in the United States District Court for the District of Utah on the same grounds upon which they had been denied relief on appeal in the Utah courts. The court offered to appoint Karl Samuel King as counsel for petitioners, but petitioners refused his services. Mr. King was then appointed amicus curiae and after an investigation of the case filed a report with the court recommending dismissal of the petition for habeas corpus. The petition was then dismissed without a formal hearing. The reason for the dismissal was not indicated. Consequently, we have carefully examined the State court record, the application of petitioners, except as it is contradicted by the State court record, the briefs of both sides, and the opinion of the Supreme Court of Utah,[3] to determine if there is any basis upon which it could be found that petitioners' constitutional rights had been infringed, thus necessitating a hearing. It should be noted that the report of the amicus curiae shows that the trial court had available the State court record. And even if the State court record was not considered by the court below, we may consider it on an application for a certificate of probable cause.[4]

■ The court below would have been clearly justified in dismissing the petition, if petitioners had not exhausted their State remedies.[5] However, it is now clear that exhaustion of State remedies does not require repeated attempts to obtain relief in the State courts on the same evidence and issues.[6] The exhaustion of one of several available alternative State remedies is all that is necessary.[7] The record here shows that petitioners had presented these same issues on appeal to the Supreme Court of Utah and had been denied relief and that review of the State court decision by certiorari to the Supreme Court of the United States had been denied. Petitioners have clearly met the requirements of exhaustion of State remedies. Failure to seek review of the decision in the habeas corpus proceeding in the Utah courts, which may well have been on entirely different grounds, by petition to the Supreme Court of the United States for certiorari, should not deprive petitioners of a right they had already perfected.

■■ Before considering the merits of the case, it is important to note that habeas corpus is not available as a method of reviewing mere errors of State law[8] and habeas corpus in a Federal court can be used only to determine if proceedings in a State court amount to a violation of the Federal Constitution of such a consequence as to vitiate the jurisdiction of the State court.[9] A denial of due process in the conduct of the trial is of such consequence,[10] so we turn to

3. State v. Gay, 6 Utah 2d 122, 307 P.2d 885.

4. Matter of the Application of Poe, 9 Cir., 241 F.2d 461.

5. 28 U.S.C. § 2254.

6. Brown v. Allen, 344 U.S. 443, 447, 73 S. Ct. 397, 97 L.Ed. 469.

7. Brown v. Allen, 344 U.S. 443, 448, 73 S.Ct. 397; United States ex rel. Master v. Baldi, 3 Cir., 198 F.2d 113, 116.

8. 39 C.J.S. Habeas Corpus § 21, p. 471; United States ex rel. Weber v. Ragen, 7 Cir., 176 F.2d 579.

9. United States ex rel. Johnson v. Ragen, 7 Cir., 171 F.2d 630; Brock v. Hudspeth, 10 Cir., 111 F.2d 447.

10. Brock v. Hudspeth, 10 Cir., 111 F.2d 447; See also: Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

the question of whether the petition in the light of the State court record and other materials shows a deprivation of due process.

 The first point relied on by petitioners to support their claim that they were denied due process is that their conviction resulted from the State's knowing use of perjured testimony. Clearly, a State's knowing use of perjured testimony does constitute denial of due process.[11] Just as clearly, the mere use of perjured testimony without the prosecution's knowing it was perjured is not a denial of due process.[12] Here, petitioners have alleged a knowing use of perjured testimony. But mere conclusions unsupported by allegations of fact are not sufficient.[13] The application failed to allege facts showing that the testimony referred to was perjured or, if so, that the prosecution knew that it was perjured. Petitioners state that some of the testimony was contradictory and some of it inaccurate and, therefore, assert it was perjured and since the prosecution knew of the contradictions and inaccuracies, it was knowingly used. The conclusions do not follow, since, obviously, a showing of contradictions and inaccuracies as to subsidiary facts does not state a prima facie case of knowing use of perjured testimony, but is merely an attack on the credibility of the witnesses.[14]

The second major point presented by the petition is that petitioners were denied a fair trial, resulting in a denial of due process. In support of this point petitioners have made several allegations.

 The first allegation undertaking to show lack of a fair trial is

that the prosecution attempted to introduce into evidence a gun and some cartridges and when they were ruled inadmissible the prosecution left them on the table in full view of the jury during the trial. Petitioners do not deny that they were defended by competent counsel. And their counsel did not consider this sufficiently prejudicial to cause them to object or to ask that the jury be instructed not to consider the gun and cartridges as evidence. This evidence was rejected in the presence of the jury who must have known that they were not to consider it. We must not permit the integrity of the jury to be assailed by mere suspicion and surmise.[15]

 The second circumstance alleged by petitioners as depriving them of a fair trial is the judge's leaving the bench to converse with a third party. What authority there is on this question supports the position that there is no deprivation of due process if there is no more than a momentary inattention.[16] And no more than that is alleged here. For the judge to leave the courtroom or to be out of hearing so as to lose control of the trial so that the proceeding is, in effect, without a judge is a denial of due process,[17] but that is not alleged. And an examination of the State court record shows that there were only a few questions and answers from the time the judge said that there was someone to see him and when he told a witness to keep his voice up. And during this time nothing in any way prejudicial came into evidence. The Supreme Court of Utah, on the basis of affidavits of counsel representing both sides at the trial, found that the trial judge never left the bench.[18]

11. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.

12. Owens v. Hunter, 10 Cir., 169 F.2d 971; Tilghman v. Hunter, 10 Cir., 167 F. 2d 661.

13. Brown v. Allen, 344 U.S. 443, 458, 461, 73 S.Ct. 397, 97 L.Ed. 469; 39 C.J.S. Habeas Corpus § 80, p. 627.

14. United States ex rel. v. Ragen, 7 Cir., 246 F.2d 264.

15. Baker v. Hudspeth, 10 Cir., 129 F.2d 779.

16. 3 Am.Jur., Appeal and Error, § 1058, p. 607; Gasway v. State, 157 Tex.Cr.R. 647, 248 S.W.2d 942.

17. People v. Tupper, 122 Cal. 424, 55 P. 125.

18. State v. Gay, 6 Utah 2d 122, 307 P.2d 885.

And this finding of fact made by the highest court of a State, after careful inquiry, must be accepted by us as conclusive.[19]

Petitioners next contend that the trial was not fair, since defense counsel's objections on the basis of the attorney-client privilege were overruled. Assuming that the privilege was applicable, the State court record shows that no privileged matter was revealed, since the witness answered that he did not know what he told his attorney. No error is committed if no confidential communication is revealed.[20] Furthermore, mere errors in the admission of evidence do not constitute a violation of due process.[21]

Petitioners further allege that an instruction on their defense of alibi was erroneous, in that it shifted the burden of proof to the defendants. Petitioners quote only part of the instruction. The complete instruction revealed in the State court record shows clearly that defendants were to be acquitted if there was reasonable doubt as to whether they were at the scene of the crime.

The next contention of petitioners is that the prosecutor's questions as to money in rolls wrapped with paper marked "Memphis Board of Education" brought another crime to the attention of the jury. An examination of the State court record fails to show that such questions indicated another crime.

Petitioners further allege that the statement by a prosecution witness that he had heard that petitioners were going around wearing guns was prejudicial. It should be noted that this was said on cross-examination in answer to a question by petitioners' counsel. And while it may have been somewhat prejudicial, it certainly did not deprive petitioners of that minimum protection essential to due process.[22]

As to the other grounds urged by petitioners, it is enough to say that they all come within the familiar rule that unless the error amounts to a jurisdictional defect the remedy is not by writ of habeas corpus.[23]

Whether there has been a denial of a fair trial must be judged on the totality of facts.[24] An examination of the petition, State court record, and other pertinent materials with consideration of the "totality of facts" revealed thereby leads us to conclude that petitioners were not deprived of a fair trial, constituting a denial of due process.

Further support for our conclusion is found in the fact that the Supreme Court of Utah examined these same contentions of petitioners and found them to be without merit.[25] The decisions of the highest court of a State are entitled to considerable weight [26] and we are not justified in granting a certificate of probable cause where the facts were fully considered and determined by the State court and there is no clear showing that such determination was erroneous.[27]

Since there is no substantial question as to the correctness of the decision of the court below, we deny the application for certificate of probable cause, and lacking that we must dismiss the appeal.

19. Commack v. Bush, 6 Cir., 175 F.2d 128.

20. Behrens v. Hironimus, 4 Cir., 170 F.2d 627.

21. Baker v. Hudspeth, 10 Cir., 129 F.2d 779; 16A C.J.S. Constitutional Law § 589, p. 650.

22. United States ex rel. Darcy v. Handy, 3 Cir., 224 F.2d 504.

23. Brock v. Hudspeth, 10 Cir., 111 F.2d 447.

24. Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 86 L.Ed. 1595.

25. State v. Gay, 6 Utah 2d 122, 307 P. 2d 885.

26. Brown v. Allen, 344 U.S. 443, 458, 465, 73 S.Ct. 397, 97 L.Ed. 469.

27. Carter v. Peppersack, 4 Cir., 242 F.2d 750.