Concurring Opinion by
Montgomery, J.:
I concur in the per curiam order of affirmance in this case for the reasons hereinafter stated.
Appellant was charged with raping the prosecutrix Annie Battles, who positively identified him at the trial as one of five persons who had dragged her into an alley and raped her three times. During the incident the police arrived and shot one of the fleeing group. That one was this appellant who was immediately apprehended, taken to the police station and identified by the victim.
At the nonjury trial before the Honorable Stanley M. Greenberg, Judge, the clothing the appellant had been wearing was produced and Mrs. Agnes Malatratt Douglas (sometimes referred to as Mrs. Agnes Malatratt), a person described as a criminalistic technician employed by the City of Philadelphia, testified that a hole in the clothing was a bullet hole and that certain stains thereon were bloodstains. This witness had, previous to this trial, appeared in the courts of Philadelphia on many cases in her capacity as an expert in her field, and in fact she was recognized generally as a person of great knowledge of such matters by reason of her twenty years of experience. Although appellant’s counsel was not familiar with her, Judge Green-berg was, and on his statement to that effect appellant’s counsel stipulated that she was qualified to testify as an expert in such matters.
*217 Subsequent to this trial Mrs. Douglas admitted in another trial that when she had been first employed by the City of Philadelphia she had falsely stated that she was “a certified medical technician” from Temple University, when, in fact, she had no such certificate. The only issue raised in this appeal is whether such subsequent admission of a false statement constitutes after-discovered evidence as to require a new trial.
Appellant cites the cases of Gay v. Graham, 269 F. 2d 482 (10th Cir. 1959); and United States ex rel. Helwig v. Cavell, 171 F. Supp. 417 (W.D. Pa. 1959), affirmed 271 F. 2d 329, in support of his argument that he is entitled to a new trial because the Commonwealth knowingly and intentionally used perjured testimony against him which constituted a denial of due process. The answer to this argument is that the Commonwealth did not know or intentionally use such evidence because it was as much unaware of the true facts relating to Mrs. Douglas’ certification as was Judge Greenberg or appellant’s counsel.
I think our consideration of this matter should be based on the reasons considered in Mesarosh v. United States, 352 U.S. 1, 77 S. Ct. 1, 1 L. Ed. 2d 1 (1956), followed in United States v. Schartner, 285 F. Supp. 193 (E.D. Pa. 1967), wherein new trials were granted because evidence used against the defendants in those trials was subsequently found to have been false. However, in my opinion, those cases are readily distinguishable from the present one.
To justify a new trial on the basis of after-discovered evidence, such evidence must satisfy the following requirements: (1) it must have been discovered since the former trial; (2) it could not have been obtained at the former trial with reasonable diligence; (3) it must not merely be cumulative and corroborative of the other testimony given in the case; (4) it must go *218 to the merits of the case, and must not be merely for the purpose of impeaching the credibility of the witnesses; and (5), it must be such as will probably produce a different verdict if a new trial should be awarded. Commonwealth v. Schuck, 401 Pa. 222, 164 A. 2d 13 (1960), cert. denied, 368 U.S. 884, 82 S. Ct. 138, 7 L. Ed. 2d 188.
The evidence with which we are concerned fails to meet several of these requirements. The qualifications of this witness might have been discovered with reasonable diligence prior to or during appellant’s trial. Her false statement may be considered cumulative in view of the evidence of her other qualifications, twenty years practical experience. It does not go to the merits of the case and might be usable merely for the purpose of impeaching her testimony. Finally, it is not such as would in all probability produce a different verdict if a new trial should be granted, in face of the positive testimony of the victim’s identification of appellant as one of the group that raped her, and the uncontradicted fact that appellant was present, shot, and immediately apprehended.
Mesarosh v. United States, supra, is readily distinguishable from the present case, and in fact a statement therein supports the conclusion I have adopted.[1] Therein the possible falsity of the testimony of the government’s main witness Mazzei was brought before the *219 Court by the Solicitor General after the conviction of Mesarosh, which testimony went to the merits of the case. The Solicitor General, because of subsequent statements made by the witness, sought to have the truthfulness of the testimony given at the trial determined. It is, thusly, apparent that the integrity of the entire trial was in doubt.
In United States v. Schartner, supra, the only eyewitness to a bank robbery identified the defendant but it was later conceded by the government that this witness could not possibly have seen him. The inaccuracy of his statement nullified his identification. The qualifications of Mrs. Douglas as an expert are not of that importance and for that reason the cases are readily distinguishable.
I agree that the lower court did not abuse its discretion in refusing appellant’s motion for a new trial.

 “It must be remembered that we are not dealing here with a motion for a new trial initiated by the defense, under Rule 33 of the Federal Rules of Criminal Procedure [18 U.S.C.A.], presenting untruthful statements by a Government witness subsequent to the trial as newly discovered evidence affecting his credibility at the trial. Such an allegation by the defense ordinarily will not support a motion for a new trial, because new evidence which is ‘merely cumulative or impeaching’ is not, according to the often-repeated statement of the courts, an adequate basis for the grant of a new trial.” 352 TJ.S. 1, p. 9, 77 S. Ct. 1, p. 5.