F I L E D
United States Court of Appeals
Tenth Circuit

JAN 20 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HAROLD EUGENE COMBS,

    Defendant - Appellant.

No. 97-6219

(D.C. No. CR-97-17-M)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant, Mr. Harold Eugene Combs, pled innocent to all charges in a twenty-two-count indictment alleging conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, interstate transportation in aid of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

racketeering, using a communication facility to facilitate the commission of a felony, money laundering, and causing another to engage in interstate transportation in aid of racketeering. A jury found Defendant guilty on all counts, and he was sentenced to 360 months in prison and five years of supervised release.

Defendant contends that he was denied a fair trial, and, therefore, he was deprived of his due process rights because government witnesses gave perjured testimony. See Napue v. Illinois, 360 U.S. 264, 269 (1959); United States v. Jones, 730 F.2d 593, 597 (10th Cir. 1984).

A defendant seeking to vacate a conviction based on perjurious testimony must prove that the testimony was indeed perjured and that the false testimony was material. See United States v. Langston, 970 F.2d 692, 700 (10th Cir. 1992); Gay v. Graham, 269 F.2d 482, 486 (10th Cir. 1959); Owens v. Hunter, 169 F.2d 971, 972 (10th Cir. 1948); accord United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987). The test for materiality is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the actual verdict delivered by the jury. See Langston, 970 F.2d at 700.

Defendant was the only person charged in the conspiracy to plead not guilty. At his trial, several co-conspirators testified against Defendant. All of the witnesses gave essentially consistent testimony regarding Defendant's activities and position in the conspiracy. Defendant's claim of perjurious testimony arises from the fact that he believes these people are relatively unsavory characters and, therefore, he contends,

2

unreliable witnesses.

The perjurious testimony Defendant details in his brief are statements by witnesses denying the extent of their drug involvement. See Appellant's Br. at 6-7. These statements were contradicted by admissions wrung from the witnesses on cross-examination. See R., Vol. II at 154, 175; Vol. III at 314-15. The other "perjury" Defendant complains of is a statement by one co-conspirator which is contradicted by the statement of a law enforcement officer. See Appellant's Br. at 6.

Defendant's claim that perjured testimony deprived him of a fair trial is without merit. Inconsistency between the testimony of two separate witnesses does not necessarily constitute perjury. See, e.g., Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir. 1991); United States v. Sherlock, 865 F.2d 1069, 1082 (9th Cir. 1989). The other "perjured" statements Defendant details, see Appellant's Br. at 6-7, are properly characterized as contradictory statements reflecting on the witnesses' credibility, as opposed to Defendant's guilt.[1] See Tapia, 926 F.2d at 1563; Gay, 269 F.2d at 486. Although the conflicting testimony affects the general credibility of the witnesses, it does not itself affect a material fact concerning Defendant's participation in the conspiracy. See R., Vol. II at 154, 175 (witness contradicts her own statement about the last time she

_____

[1] A prosecutor's knowing use of false evidence violates due process even when it involves the issue of a witness's credibility, as opposed to a material fact. See Langston, 970 F.2d at 700. However, in the case before us there is no evidence of prosecutorial misconduct which would warrant a per se finding of the violation of due process. See Gay, 269 F.2d at 486.

used marijuana); R., Vol. III at 314-15 (witness testifies that he is not a drug dealer, but then states that he sells marijuana). The jury could properly consider whether the conflicting statements given by the witnesses rendered their testimony less credible. See Jones, 730 F.2d at 598. Additionally, there was sufficient testimony from other witnesses and physical evidence to support Defendant's conviction. See, e.g., R., Vol. II at 97-102, 106, 109; Vol. III at 325-28. The evidence proffered by Defendant is insufficient for us to conclude that the false statements, if any, meet the test for materiality.

Therefore, we hold that Defendant was not deprived of his right to due process under the doctrine espoused in Napue v. Illinois, and we AFFIRM his conviction.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge

4