FILED
United States Court of Appeals
Tenth Circuit

March 12, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD EUGENE COMBS,

Defendant - Appellant.

No. 12-6197
(D.C. No. 5:97-CR-00017-M-1)
W.D. Oklahoma

ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

In 1997, Harold Combs was convicted on multiple counts relating to a conspiracy to distribute crack and powder cocaine in Oklahoma City, Oklahoma. *United States v. Combs*, No. 97-6219, 1998 WL 17767, at *1 (10th Cir. Jan. 20,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1998).  At sentencing, the district court found Combs was responsible for, inter alia, 8.787 kilograms of cocaine base.  This quantity resulted in a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1) (1997).  After making additional findings relating to Combs's offense conduct, the court determined his total offense level was forty-two, his criminal history category was I, and his guidelines range was 360 months to life.  The court imposed a 360-month sentence.

Combs thereafter filed the instant 18 U.S.C. § 3582(c)(2) motion.  Combs argued his sentence should be modified based on changes made to the United States Sentencing Guidelines by Amendment 750.  *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").  Amendment 750 retroactively "altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level."  *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quotation omitted).

Amendment 750 raised the minimum amount of cocaine base qualifying for an offense level of thirty-eight to 8.4 kilograms.  *See* U.S.S.G. § 2D1.1(c)(1).  Combs's conspiracy offense involved 8.787 kilograms of cocaine base which, at the time of his sentencing, corresponded to a base offense level of thirty-eight.  Because Combs's offense conduct involved more than 8.4 kilograms of cocaine

base, his base offense level was not altered by Amendment 750. The district court concluded it did not have authority under § 3582(c)(2) to grant Combs the relief he sought because Amendment 750 did not have the effect of lowering his applicable guidelines range. *See* U.S.S.G. § 1B1.10(a)(2); *United States v. McGee*, 615 F.3d 1287, 1291-92 (10th Cir. 2010) (holding that a district court has the power to modify a sentence pursuant to § 3582(c)(2) only if a defendant's original sentence is based on a sentencing range lowered by an amendment to the Sentencing Guidelines).

Proceeding *pro se*, Combs appeals the district court's ruling that he is not eligible for resentencing pursuant to § 3582(c)(2). Having reviewed the record, the appellate briefs, and the applicable law, we conclude the district court was undisputably correct in concluding it lacked authority to grant Combs's § 3582(c)(2) motion.[1] Furthermore, given that the record conclusively demonstrates the district court lacked power under § 3582(c)(2) to reduce

---

[1]Combs's appellate arguments focus on his contention the district court's original drug quantity finding is incorrect because it is based on a flawed method of converting powder to crack cocaine. This court has made clear, however, that these types of arguments amount to a collateral attack on the original sentence that cannot be raised in a § 3582(c)(2) proceeding. *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) ("An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255."). For that reason, Combs's request that this court take judicial notice of the United States Sentencing Commission's Report to Congress on Cocaine and Federal Sentencing Policy is hereby **denied**.

Combs's sentence, the district court did not abuse its discretion in denying Combs's request for an evidentiary hearing.  Accordingly, the district court's disposition of Combs's motion is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge