**UNITED STATES ex rel. KREUTER v. BALDWIN, County Sheriff.**

**No. 4428.**

Circuit Court of Appeals, Seventh Circuit.

April 23, 1931.

Roy F. Hall, of Rockford, Ill., for appellant.

Thos. E. Gill, of Rockford, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

PER CURIAM.

The District Court on final hearing discharged the writ of habeas corpus, which had previously issued and which had released appellant from the custody of appellee, the sheriff of Winnebago county, Ill. Appellant had been imprisoned for nonpayment of a judgment rendered against him in the Winnebago circuit court in an action brought by one Hedrick to recover damages arising out of the negligent operation of an automobile. Appellant then obtained an order authorizing an appeal, and his record, on appeal, was duly filed in this court. No request was made of the District Judge for a certificate stating there was probable cause for the appeal. Appellee moved this court to dismiss the appeal, relying upon 28 USCA § 466, which reads as follows: "From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the. circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered or a judge of the circuit court of appeals shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or judge shall certify that there is probable cause for such allowance."

Appellant thereupon secured permission of this court to return the record to the District Court that he might obtain the certificate of probable cause from the District Judge. The request was granted. The District Court, upon request, gave the certificate. The action of this court was not taken until after the term of the District Court at which the judgment was entered had expired, and after the expiration of the time fixed by statute for taking an appeal.

We are thoroughly satisfied that this court had no authority to extend the time within which appellant might appeal from the judgment rendered in the District Court. It is equally clear that appellant could not appeal without an accompanying certificate of probable cause signed by the District Judge. Bilik v. Strassheim, 212 U. S. 551, 29 S. Ct. 684, 53 L. Ed. 649; Ex parte Patrick, 212 U. S. 555, 29 S. Ct. 686, 53 L. Ed. 650; Genna v. Frazier (C. C. A.) 24 F. (2d) 706. There having been no certificate of probable cause entered by the District Court during the time within which appellant might appeal, and this court being without authority to extend the time for taking an appeal, it follows that this court has no jurisdiction of this appeal. The appeal must be, and it is hereby, dismissed.