**UNITED STATES ex rel. LUTZ v. RAGEN, Warden.**

**No. 9500.**

United States Court of Appeals
Seventh Circuit.

Oct. 20, 1948.

Rehearing Denied Feb. 8, 1949.

Louis C. Karbiner, of Chicago, Ill., for appellant.

George F. Barrett, Atty. Gen. and William C. Wines, Asst. Atty. Gen. (Raymond S. Sarnow and James C. Murray, Asst. Atty. Gen., of counsel), for appellee.

Before SPARKS, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an appeal from an order dismissing a writ of habeas corpus brought in the District Court after petitioner had exhausted his remedies in the State court. On June 3, 1935, petitioner was duly indicted and thereafter tried before a jury, found guilty in the Circuit Court of Grundy County, Illinois, of the crime of murder, and by that court, pursuant to the verdict of the jury, sentenced to the penitentiary for the term of his natural life.

The ground upon which the petition for writ of habeas corpus was based was that his trial and conviction were without due process in violation of the Fourteenth Amendment in that his conviction was obtained by virtue of the false testimony of two witnesses whom he alleged were bribed by the prosecuting attorney. See White v. Ragen, 324 U.S. 760, 763, 65 S. Ct. 978, 89 L.Ed. 1348.

The record discloses that after the District Court had issued the habeas corpus writ, the petitioner was produced in court and testimony was heard. At these hearings petitioner was represented by counsel, after which the court found against the petitioner and dismissed the writ on May 2, 1947.

In this court appellee has made no motion to dismiss the appeal, but he does call our attention to the fact that petitioner did not file his notice of appeal until October 5, 1947, more than five months after the entry of the order from which he appeals, and in his brief states: "The Attorney General does not desire to defeat any prisoner's right to review upon a technicality. He does, however, deem it to be his duty to call this court's attention to the fact that it appears to have no jurisdiction to entertain this appeal."

Appeal is granted to a losing party on condition that he complies with the terms of the law whereby it is authorized. It is he who seeks relief from the operation of a judgment or decree against him, and it devolves upon him to act to that end. United States v. New National Coal & Mining Co., 7 Cir., 72 F.2d 168. By statute, 28 U.S.C.A. § 230,[1] the time for taking an appeal in this case was limited to three months. While we appreciate the generosity of counsel for the appellee that he has no desire to defeat Lutz's right to review the order of the District Court, we must examine our jurisdiction even though the parties do not question it, Collins v. Miller, 252 U.S. 364, 366, 40 S.Ct. 347, 64 L.Ed. 616, and since the application for an appeal must be within three months after the entry of the judgment, United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262; Robertson v. Morganton Full Fashioned Hosiery Co., 4 Cir., 95 F.2d 780; Morrow v. Wood, 5 Cir., 126 F.2d 1021; Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710; Smiddy v. Johnston, 9 Cir., 110 F.2d 1015, it cannot be extended by waiver, consent or even order of court. Mansfield, C. & L. M. Ry. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Great Southern Fire Proof Hotel v.

---

[1] In 1948 Revision, see 28 U.S.C.A. § 2107.

Jones, 177 U.S. 449, 453; 20 S.Ct. 690, 44 L.Ed. 842; Benitez v. Bank of Nova Scotia, 1 Cir., 109 F.2d 743. We must, therefore, hold that we are without power to alter the statute.

In concluding, we think it only just that we record here the fact that Mr. Louis C. Karbiner had no connection with this case until he was appointed by this court to represent petitioner on this appeal. He has submitted a helpful brief and has orally, earnestly and ably argued in behalf of petitioner. We are grateful for the services thus rendered.

Appeal dismissed.