### LYLE v. EIDSON, Warden.
### No. 14493.

United States Court of Appeals
Eighth Circuit.
June 18, 1952.

Everett C. Lyle filed brief pro se.

J. E. Taylor, Atty. Gen. and Gordon P. Weir, Asst. Atty. Gen. State of Missouri, filed brief for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

PER CURIAM.

The appellant is confined in the Missouri State Penitentiary under a sentence of life imprisonment imposed by the Circuit Court of Boone County, Misssouri, on December 21, 1943. Upon a charge of having murdered his wife, he was tried and found guilty by a jury in that court on November 2, 1943.

After having unsuccessfully challenged the legality of his detention by habeas corpus proceedings in the courts of the State of Missouri and having been denied certiorari by the Supreme Court of the United States, he applied to the United States District Court for the Western District of Missouri for a writ of habeas corpus. He asserted, in effect, that he had been denied procedural due process by the State court, that his conviction was the result of false testimony, and that he was not accorded a fair preliminary hearing or a fair trial. The District Court denied his petition. The court issued no certificate of probable cause, but permitted him to file his notice of appeal in forma pauperis.

Section 2253, Title 28 U.S.C.A., provides that "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

█ In the absence of the issuance of a certificate of probable cause, the order of the District Court is not reviewable by this Court. Hopson v. Smyth, 4 Cir., 182 F.2d 936; Tann v. Smyth, 4 Cir., 182 F.2d 939; Brite v. People of State of California, 9 Cir., 178 F.2d 925; Ex parte Farrell, 1 Cir., 189 F.2d 540, 543.

█ We take the liberty, however, of saying that we find in the record no adequate basis for the issuance of a certificate of probable cause, and no reason to believe that the District Court lawfully could have done otherwise than deny the appellant's petition. The appellant made no substantial showing of the denial of any federal right and "Where the state courts have considered and adjudicated the merits of his [a prisoner's] contentions, and this Court [United States Supreme Court] has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated." Ex Parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 450, 88 L.Ed. 572.

The appeal is dismissed.