## UNITED STATES ex rel. CAREY v. KEEPER OF MONTGOMERY COUNTY PRISON et al.

### No. 10974.

United States Court of Appeals Third Circuit.

Argued Feb. 2, 1953.

Decided Feb. 27, 1953.

Harry R. Back, Philadelphia, Pa., for appellant.

Frank P. Lawley, Jr., Asst. Deputy Atty. Gen. of Pa., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

On December 1, 1952, an order of the court below was filed refusing to issue a writ of habeas corpus in the relator's, Car-

ey's, favor, he having been convicted of a capital crime by the Court of Oyer and Terminer and General Jail Delivery of Montgomery County, Pennsylvania. The relator was sentenced to death and is presently in jail awaiting execution. On December 29, 1952, application was made to Chief Judge Kirkpatrick of the court below for a certificate of probable cause and for stay of execution. This application was denied on the same day. On December 30, 1952, a notice of appeal was filed in the court below and on January 6, 1953, an application for a certificate of probable cause and for a stay of execution was made to, and was denied by Judge Maris of this court. On the following day, January 7, 1953, an application for a certificate of probable cause was made to the present writer and to Judge GOODRICH. A certificate of probable cause issued on that date. This court stayed Carey's execution pending the disposition of the case on appeal. On January 20, 1953, a motion to dismiss the appeal was filed by the State of Pennsylvania. The motion came on for argument in this court on February 2, 1953.

The ground for the motion is based on the failure to comply with Section 2253, Title 28, U.S.C., which in pertinent part reads as follows: "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause." Rule 73, FRCP, 28 U.S.C., provides that an appeal must be taken within 30 days.

We have found but two cases in point, viz., United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262, and Ex parte Farrell, 1 Cir., 189 F.2d 540. Both authorities hold that the certificate of probable cause is a necessity in order to confer ju-

risdiction upon the Court of Appeals from the final order in a habeas corpus proceeding where the detention arises out of State court process.

The contention of the relator is that since he made application for a certificate of probable cause to Chief Judge Kirkpatrick within thirty days, he had made all reasonable efforts to comply with the provision of Section 2253. We cannot agree.

We note that the relator had but two days in which to procure a certificate of probable cause from a circuit justice or another judge after his application had been denied by Chief Judge Kirkpatrick. He waited, however, seven days before making any further application. Moreover, the two days remaining to the relator to procure the certificate within the thirty day period did not include a weekend or a holiday. Upon denial of the application by Chief Judge Kirkpatrick, the relator should have made prompt application to members of this court. A certificate could then have been granted within the thirty day period.

In our opinion the issuance of a certificate is a condition precedent to the perfecting of an appeal and the question is one of jurisdiction. The fact that an application was made within the thirty day period is insufficient to confer jurisdiction upon a court of appeals under the circumstances at bar. It was plainly the intention of Congress to impose strict limitations upon appeals in habeas corpus cases when the detention was by State process. The policy involved is one for Congress and not for the courts.

We conclude that we are without jurisdiction to entertain the appeal and that the certificate of probable cause and stay of execution were improvidently granted.

Accordingly, the appeal will be dismissed for want of jurisdiction and the stay will be vacated.