UNITED STATES of America ex rel. Harry Gordon GEACH, Petitioner-Appellant,

v.

Joseph E. RAGEN, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 11623.

United States Court of Appeals Seventh Circuit.

April 4, 1956.

Harry Gordon Geach, Joliet, Ill., for appellant.

Latham Castle, Atty. Gen., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and LINDLEY, Circuit Judge.

DUFFY, Chief Judge.

On January 20, 1955, petitioner, appearing pro se., filed in the District Court a petition for writ of habeas corpus pursuant to Title 28 U.S.C.A. § 2241. His petition challenged the constitutionality of the judgment of the Criminal Court of Cook County, Illinois, entered April 8, 1949, based upon his trial and conviction of the crime of burglary. The judgment sentenced him to imprisonment for a term of not less than ten nor more than twenty years. Petitioner is now confined under such sentence.

Petitioner was represented in the District Court by court-appointed counsel. The respondent was represented in that court by the Attorney General of Illinois who filed a motion to dismiss petitioner's petition. After a hearing the District Court, on May 13, 1955, entered an order dismissing the petition. There-

after, on May 27, 1955, petitioner filed in the District Court notice of appeal, motion to proceed in forma pauperis, motion for certificate of probable cause, assignment of errors and designation of contents of record on appeal. On the same day the District Court entered its order denying petitioner's motion for a certificate of probable cause, but granting his motion for leave to proceed in forma pauperis. On June 22, 1955, transcript of record on appeal was lodged in the office of the Clerk of this Court.

On June 13, 1955, prior to the lodgment of the transcript of record on appeal, petitioner lodged in the office of the Clerk of this Court his motion for leave to proceed in this Court in forma pauperis.

On June 15, 1955 an order was entered allowing the Attorney General of Illinois until July 22nd next succeeding within which to lodge opposition to petitioner's motion, and allowing petitioner ten days thereafter within which to lodge a reply to such opposition, which was done.

Although the District Court had refused petitioner the issuance of a certificate of probable cause on May 27, 1955, petitioner failed, within the statutory appeal period, to make application therefor to this Court, or a judge thereof, pursuant to Title 28 U.S.C.A. § 2253, which provides:

"An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

On this subject Rule 9(e) of the Rules of this Court provides:

"(e) In a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, no appeal shall be filed in or entertained by this court unless there has first been filed, in the district court from which the appeal is taken, a certificate of probable cause, as required by Section 2253, Title 28, United States Code. Such a certificate may be issued by the judge who entered the order sought to be appealed from, or by any judge of this court. An application to a judge of this court for the issuance of such a certificate may be made by verified petition, setting forth the facts upon which the petitioner relies to show the existence of probable cause. The judge to whom such petition is directed shall enter an order allowing or denying said petition, which petition and order, along with the certificate of probable cause, if the certificate is granted, shall thereupon be forwarded for filing to the clerk of the appropriate district court."

In view of the failure on the part of petitioner to secure issuance of a certificate of probable cause, this Court felt it had no jurisdiction, and on December 9, 1955 entered an order dismissing petitioner's appeal.

On December 21, 1955 petitioner filed a motion asking this Court to vacate the order of dismissal on the grounds that it was erroneous, and that petitioner be allowed opportunity to file a motion for the issuance of a certificate of probable cause. In addition, petitioner asked that counsel be appointed to represent him.

After the expiration of an appropriate period following receipt of petitioner's motion, in order to afford the Attorney General of Illinois opportunity to prepare and file response, and none having been filed, this Court on January 17, 1956, entered an order vacating the December 9, 1955 order, allowing petitioner to and inclusive of February 1, 1956 for filing of his petition for the allowance of a certificate of probable cause, and allowing the Attorney General of Illinois twenty days thereafter within which to file reply and supporting brief. In its January 17, 1956 order this Court

denied petitioner's motion for appointment of counsel to represent him since it appeared that he was of adequate capability and experience to appear pro se.

On January 25, 1956, within the period set forth in the January 17th order of this Court, petitioner filed his first and only petition for the issuance by a judge of this Court of a certificate of probable cause, as to which no reply or brief was filed by or on behalf of respondent. In this connection, it is to be noted that prompt notice was given of all orders of this Court herein to both petitioner and counsel for respondent.

■ It is undisputed that petitioner, following denial of a certificate of probable cause by the District Court, failed to petition this Court or one of its judges for such certificate prior to the expiration of the thirty-day appeal period. The order which petitioner seeks to have this Court review was entered May 13, 1955. The District Court, on May 27, 1955, denied petitioner's motion for a certificate of probable cause. The application to one of the judges of this Court on January 25, 1956 for a certificate of probable cause, being after the thirty-day appeal period, was made too late. This Court is without power to grant the application, even if it were otherwise thought that there had been probable cause for the appeal. United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F. 2d 262; Ex parte Farrell, 1 Cir., 189 F. 2d 540, 545, certiorari denied sub nom., Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634; Lyle v. Eidson, 8 Cir., 197 F.2d 327, 328; United States ex rel. Carey v. Keeper of Montgomery County Prison, 3 Cir., 202 F.2d 267, 268; Harris v. Ellis, 5 Cir., 204 F.2d 685, 686. Compare: Botwinski v. Dowd, 7 Cir., 118 F.2d 829, 830; United States ex rel. Lutz v. Ragen, 7 Cir., 171 F.2d 788, 789, certiorari denied Lutz v. Ragen, 337 U. S. 910, 69 S.Ct. 1044, 93 L.Ed. 1722; Joyner v. Parkinson, 7 Cir., 227 F.2d 505, 508.

■■ True, no motion to dismiss directed to the petitioner's motion for is-

suance of a certificate of probable cause has been made by respondent. Concerning its jurisdiction this Court must act regardless of the absence of any such motion, or even consent. It is settled that as an appellate federal court this Court must, of its own motion, and even against consent or protest of the parties, or its own order, satisfy itself of its own jurisdiction and also of that of the lower court in cases under review. United States ex rel. Lutz v. Ragen, 7 Cir., 171 F.2d 788, 789; Jarecki v. Whetstone, 7 Cir., 192 F.2d 121, 124; Tinkoff v. Holly, 7 Cir., 209 F.2d 527, 529; Green v. Green, 7 Cir., 218 F.2d 130, 136; Van Buskirk v. Wilkinson, 9 Cir., 216 F.2d 735, 737.

While no appeal is before this Court, and, in consequence, we cannot determine the merits, yet we have read the record and briefs and we would affirm the dismissal of the petition by the District Court had we power so to do.

For want of jurisdiction dismissal of this appeal is ordered.