Frederick B. Zimmer *vs.* Harold V. Langlois, *Warden.*

FEBRUARY 4, 1963.

Present: Condon, C. J., Paolino, Powers and Frost, JJ.

Frost, J. This is a petition for a writ of habeas corpus preferred by the petitioner who is now serving a life sentence in the adult correctional institutions of which the respondent is the warden. The sentence was imposed by a justice of the superior court on April 15, 1955 after the petitioner had been allowed to file a plea of nolo contendere to an indictment for murder in the second degree.

From his petition it appears that petitioner was indicted by the March grand jury in 1955 on an indictment charging him with first degree murder; and that he was represented by counsel up to April 15, the fourth day of trial,

when he entered a plea of nolo contendere to a charge of murder in the second degree.

The petitioner submits that counsel was of his own choosing; that his understanding from counsel was that he had had many years of criminal trial experience only to learn to the contrary at a later date that counsel did not properly represent himself as to his legal qualifications to defend petitioner against the indictment which had been returned by the grand jury; that he was denied the right to proper representation in that he was deceived into thinking that counsel's criminal experience was such that a verdict of acquittal would be returned against the indictment; that four days after commencement of the trial petitioner was advised by counsel to enter a plea of nolo contendere to a reduced charge for which he would receive a light sentence; and that thereafter petitioner entered a plea of nolo contendere and was sentenced to a term of life imprisonment.

The public defender, who represented petitioner in the instant proceeding before us, examined him and he was also cross-examined by a member of the attorney general's department. At that time he did not accuse counsel who represented him at the trial of being inexperienced or of not guarding his rights.

The petitioner in his brief contends that under the fourteenth amendment to the federal constitution the right to the assistance of counsel for defense means effective assistance, and to support that contention cites *Powell* v. *Alabama*, 287 U. S. 45, where the court states at page 53: "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice. Not only was that not done here, but such designation of counsel as was attempted was either so indefinite or so close upon the trial as to amount to a denial of effective and substantial aid in that regard."

He also cites *Avery* v. *Alabama,* 308 U. S. 444, where the court states at page 446: "But the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

In the same connection he relies further upon *United States ex rel. Weber* v. *Ragen,* 176 F.2d 579, at page 586, where the court states:

> "As to the requirement under the Fourteenth Amendment, the services of counsel meet the requirements of the due process clause when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible. We know that some good lawyer gets beat in every law suit. He made some mistakes. The printed opinions that line the walls in our offices bear mute testimony to that fact. His client is entitled to a fair trial, not a perfect one."

Needless to say we are in complete accord with these statements of the law. However, we are unable to say from anything before us that petitioner's counsel did not serve him in good faith. The mere fact that such counsel advised him to plead nolo to murder in the second degree does not of itself indicate a lack of effective assistance nor a lack of professional good faith. Apparently counsel felt that his client's chances with the jury were poor and might be better with the court. The result in no way proves a lack of effective professional skill nor does it indicate in the least that he failed to act in good faith in advising his client to throw himself on the mercy of the court.

The petitioner in his brief uses the following words: "Considering that counsel was not retained by the accused * * *." We are unable to see anything in the record before us to justify that statement. The petitioner may have relied upon consultation with his family in the selection of his counsel, and may have deferred to the advice of his commanding officer in the United States Navy under whom he was serving, but there is nothing before us which indicates in the least any lack of approval of such counsel on petitioner's part before going to trial. The fact that petitioner received a life sentence in no way in and of itself indicates, much less proves, the professional incompetency of counsel.

In *United States ex rel. Koffel* v. *Myers,* 167 F. Supp. 510, which was a habeas corpus proceeding, the district court said at page 511:

> "Petitioner further contends that he was denied counsel of his own choice to the extent that a young colleague of petitioner's 'retained' counsel tried the matter before the trial Court. It has been admitted that trial counsel was a member in good standing of the Berks County Bar and no impropriety other than inexperience has been alleged. Traditionally the Courts have taken the view that unless gross incompetency, which reduces the trial to a mere sham has been shown, an argument based on such a contention as is raised here is without merit."

The state in its brief also points out that where a petitioner has pleaded to an offense, courts have generally refused to overturn a conviction despite a claim that counsel was incompetent, citing *Barber* v. *United States,* 227 F.2d 431. In that case which was heard before three justices on defendant's motion to vacate judgment and sentence, the court said at page 432:

> "Neither is appellant's contention that his counsel was incompetent and did not apprise him of his rights worthy of consideration. It has been held that one who has been convicted may not have the sentence en-

tered against him set aside and his case tried over by claiming that the attorney whom he selected did not properly represent him."

We have given careful consideration to the petitioner's testimony before this court and to the briefs of counsel and we are clearly of the opinion that no basis has been shown for his release.

The petition for a writ of habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent.

*Leo Patrick McGowan,* Public Defender, for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.