Frederick B. ZIMMER, Petitioner,

v.

Harold V. LANGLOIS, Warden, Respondent.

Misc. No. 102.

United States Court of Appeals First Circuit.

Submitted April 9, 1964.

Decided May 7, 1964.

Frederick B. Zimmer, pro se, on petition.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This is an undated "Motion for Certificate of Probable Cause" captioned in the "United States Court of Appeals for the First District," presented by Frederick B. Zimmer who is a prisoner in state custody in Rhode Island. It was forwarded to me as Chief Judge of the United States Court of Appeals for the First Circuit in an envelope postmarked "Howard, R. I., April 4, AM 1964." Zimmer recites in his motion that on February 24, 1964, the United States District Court for the District of Rhode Island denied an application filed by him in that court for *habeas corpus,* and on March 12, 1964, denied his petition for a certificate of probable cause for appeal.

Although the third paragraph of § 2253 of Title 28 U.S.C. provides that an appeal may not be taken to a court of appeals from a final order in a *habeas corpus* proceeding by one in state custody "unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause," nevertheless the Supreme Court held in In re Application of Burwell, 350 U.S. 521, 522, 76 S.Ct. 539, 100 L.Ed. 666 (1956), that a court of appeals has jurisdiction to entertain applications for certificates of probable cause under § 2253. Wherefore, although inartistically addressed, I have submitted Zimmer's motion to the court instead of acting upon it myself as a circuit judge.

An examination of the district court's file supports the allegations in the motion that the court below, District Judge Day, entered an order on February 24, 1964, denying and dismissing a petition by Zimmer for *habeas corpus* in accordance with a memorandum of the same date and on March 12, 1964, denied Zimmer's petition for certificate of probable cause to appeal. Thus it is established that Zimmer applied to the judge who rendered the final order in his *habeas corpus* proceeding within the 30 days allowed for appeal in *habeas corpus* cases and that the judge denied his application for certificate of probable cause to appeal also within the time limited for appeal. Wherefore he had from March 12th to March 24th in which to apply to the circuit justice, a judge of this court or to the court for a certificate of probable cause and still be within the time limited for appeal. However, he waited until after the 30 days for appeal had expired before doing so. Zimmer's present application is therefore out of time under this court's decision in Ex parte Farrell, 189 F.2d 540, 544 (C.A.1), cert. denied, Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634 (1951).

Moreover, we see no merit in Zimmer's case. He was a petty officer in the United States Navy apparently stationed at Newport, Rhode Island. In December 1954 he was arrested, and subsequently he was indicted in the Rhode Island Superior Court for murder in the first degree. His trial on plea of not guilty began on April 11, 1955, at which he was represented by counsel. On April 15th he was allowed to plead *nolo contendere* to murder in the second degree and was sentenced to imprisonment for life.

Subsequently he filed a petition for *habeas corpus* in the Supreme Court of Rhode Island alleging that the counsel who had represented him at his trial were not of his own choosing and lacked sufficient experience adequately to defend him against a charge of murder. That court, after hearing at which Zimmer was represented by the public defender, found that although Zimmer in the selec-

**426**

tion of his counsel may have relied upon consultation with his family and may have deferred to the advice of his commanding officer, there was nothing to show that his counsel was not of his own choice or to indicate "in the least any lack of approval of such counsel on petitioner's part before going to trial." The Supreme Court of Rhode Island further found that at the hearing Zimmer did not accuse counsel who had represented him at his trial of being inexperienced or of not guarding his rights nor had he shown any lack of effective assistance by counsel or lack of his counsels' professional good faith. On February 4, 1963, the court denied and dismissed Zimmer's petition for *habeas corpus* and quashed the writ theretofore issued. Zimmer v. Langlois, R.I., 188 A.2d 89, cert. denied, 374 U.S. 851, 83 S.Ct. 1916, 10 L.Ed.2d 1071 (1963).

■ In his petition to the court below Zimmer made the same allegations rejected by the Supreme Court of Rhode Island plus the further allegation that his counsel allowed him to plead *nolo contendere* "without explaining fully what nolo contendere meant." The court below finding that Zimmer had been accorded a full and fair evidentiary hearing by the Supreme Court of Rhode Island, at which he had been represented by counsel and had testified, ruled that he was not entitled to another evidentiary hearing under the rule of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770 (1963), and denied Zimmer's application for *habeas corpus*.

■ The court below was quite right insofar as concerns the charge that Zimmer's counsel at his trial were not of his own choice and were too inexperienced to afford him an adequate defense to the charge of murder. The further allegation made below that Zimmer's counsel had failed adequately to explain what the plea of *nolo contendere* means stands on a somewhat different footing. The decision of the Supreme Court of Rhode Island does not specifically mention that contention. However, we do not know whether it was not made in that court,

or whether, if made, it was covered by the court's finding of no showing of lack of effective assistance by counsel or was considered too insubstantial to warrant discussion. In any event, it was not properly before the court below either because it was raised in the highest court of Rhode Island and there considered and rejected or else because, if not raised in that court, Zimmer has failed to exhaust his state remedies.

An order will be entered denying the motion for certificate of probable cause for appeal.