**UNITED STATES of America ex rel. Edward John NOWAKOWSKI, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution.**

**No. 17077.**

United States Court of Appeals Third Circuit.

Dec. 28, 1967.

Before BIGGS, KALODNER and FREEDMAN, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM:

Pursuant to the mandate of the Supreme Court of the United States appellant's petition for leave to appeal and to proceed in forma pauperis will be granted and the Clerk will be directed to proceed forthwith to docket the appeal and to file the record out of time.

We believe that in the circumstances of this case appellant's petition for appointment of counsel should be granted and the appointment will be made in the order which will be entered pursuant to this opinion.

In his petition appellant also sought the right to file handwritten briefs. This request will be granted, and since his counsel may prefer to file typewritten briefs, leave to do so will also be given.

In addition to the argument on the merits of the appeal counsel should present to the court in their respective briefs and arguments their views on the jurisdictional question which may exist with regard to the timeliness of the application for and granting of the certificate of probable cause and the time of filing of the notice of appeal.

We will order the case to be expedited so that when the briefs are filed the Clerk will give the appeal priority of listing before a panel of the Court.

An appropriate order will be entered.

KALODNER, Circuit Judge (dissenting).

The District Court denied the appellant's petition for issuance of a writ of habeas corpus on April 28, 1965. On May 11, 1965—thirteen days later—the appellant filed in the District Court a "Petition for rehearing, reargument and reconsideration". That petition was denied by the District Court on May 14, 1965. On June 14, 1965, he filed in the District Court a notice of appeal and on the same day made application for a certificate of probable cause. The District Court granted the certificate on June 15, 1965.

On July 19, 1965, the appellant filed in this Court a petition for leave to appeal *in forma pauperis* and to file a handwritten brief. He also prayed in that petition for appointment of counsel. We denied the petition on July 27, 1965 for the reason that we lacked jurisdiction to entertain the appeal inasmuch as the appellant had failed to comply with the requirement of Section 2107, Title 28 U.S.C.A. that notice of appeal be filed in the District Court within 30 days after the denial of his petition for a writ of habeas corpus, and for the further reason that a certificate of probable cause had not been applied for, and granted, within 30

days after the denial of his petition for the habeas corpus writ, as required by Section 2253, Title 28 U.S.C.A.

We regrettably did not state the reasons for our denial of the appellant's petition for leave to appeal *in forma pauperis*, etc. in our Order of July 27, 1965.[1]

On October 4, 1965, we denied the appellant's petition for reconsideration of our Order of July 27, 1965.

The Supreme Court of the United States granted certiorari and in a Per Curiam Opinion on April 10, 1967, vacated our Order for the reason that we "erred in denying the petitioner [appellant] the right to appeal after the District Judge had issued a § 2253 certificate of probable cause" and remanded the case "for further proceedings consistent with" its opinion. It must be noted parenthetically that the Supreme Court's Per Curiam did not advert therein to the chronology of the proceedings in the District Court, earlier here stated.

I would, on this remand, grant the appellant's petition for leave to proceed *in forma pauperis*, docket his appeal and dismiss it for these reasons:

The appellant's petition for a writ of habeas corpus having been denied by the District Court on April 28th, the appellant was required by Section 2107 to file his notice of appeal within 30 days thereafter, and to obtain a certificate of probable cause from either the District Court or a judge of this Court within the stated 30-day period. The appellant did not file his notice of appeal in the District Court until June 14th nor did he obtain a certificate of probable cause until June 15th[2]—47 and 48 days respectively, after the denial of his habeas corpus petition on April 28th.

While it is true that the appellant on May 11th filed a petition for reconsideration of the District Court's denial of

---

1. Our Order of July 27, 1965 reads as follows: "Upon consideration of appellant's petition for leave to proceed in forma pauperis and to file handwritten briefs; and for appointment of counsel in the above-entitled case; It is ORDERED that the petition be and it hereby is denied."

2. The appellant did not apply to the District Court for a certificate of probable cause until June 14th—47 days after the denial of his habeas corpus petition.

his habeas corpus petition on April 28th, the filing of the reconsideration petition (denied on May 14th) did not toll the running of the statutory 30-day period for the filing of a notice of appeal and the issuance of a certificate of probable cause under the specific provisions of both Rule 52(b) and Rule 59 (b), subsequently detailed, which respectively require that a motion for amendment of judgment or a new trial must be made "not later than 10 days after entry of judgment".

Section 2107, Title 28 U.S.C.A. provides, in relevant part, that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."

Section 2253, 28 U.S.C.A., provides, in relevant part, that "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Habeas corpus is a civil proceeding and as such is governed by the Federal Rules of Civil Procedure, Rule 81(a), F.R.C.P., 28 U.S.C.A., United States ex rel. Seals v. Wiman, 304 F.2d 53, 64 (5 Cir. 1962), cert. den. sub nom. Wiman, Warden v. Seals, 372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722 (1963).

Rule 73(a), F.R.C.P. in subscription to the provisions of Section 2107, also specifies, in relevant part, that the time within which an appeal shall be taken shall be "within 30 days from the entry of the judgment appealed from", subject to the proviso that the running of the time for appeal is terminated "by a *timely* motion made by any party pursuant to any of the rules hereinafter enumerated", among them Rule 52(b),

which provides that "Upon motion of a party made *not later than 10 days after entry of judgment* the court may amend its findings or make additional findings and may amend the judgment accordingly", and Rule 59(b), which provides that "A motion for a new trial shall be served *not later than 10 days after the entry of the judgment*". (Emphasis supplied).[3]

Rule 81(a) (2), F.R.C.P. further provides that "The requirements of Title 28, U.S.C., § 2253, relating to certification of probable cause in certain appeals in habeas corpus cases remain in force".

To what has been said may be added that Section 2253 and Rule 81(a) (2) are embraced in Rule 11(3) of this Court, "Appeals, How Taken".

This Court, in United States ex rel. Carey v. Keeper of Montgomery County Prison, 3 Cir., 202 F.2d 267 (1953), cert. den. 345 U.S. 930, 73 S.Ct. 793, 97 L.Ed. 1360, specifically held that it was "without jurisdiction to entertain the appeal" where the District Court denied issuance of a writ of habeas corpus on December 1, 1952; an application for a certificate of probable cause was made to the District Court on December 29, 1952 and denied the same day; notice of appeal was filed in the District Court on December 30, 1952—all within 30 days from the entry of judgment denying the writ; and two members of this Court had granted a certificate of probable cause on January 7, 1953—more than 30 days after the entry of judgment.

In holding that under the circumstances stated—failure to obtain a certificate of probable cause within 30 days after the entry of judgment—the Court was "without jurisdiction" to entertain the appeal, we said (p. 268):

"In our opinion the issuance of a certificate is a condition precedent to the perfecting of an appeal and the question is one of jurisdiction. The fact that an application was made within the thirty day period is insufficient to

---

3. Rule 6(b), F.R.C.P. specifically provides that a District Court "may not extend

the time for taking any action" under Rules 59(b) and 73(a).

confer jurisdiction upon a court of appeals under the circumstances at bar. It was plainly the intention of Congress to impose strict limitations upon appeals in habeas corpus cases when the detention was by State process. The policy involved is one for Congress and not one for the Courts.

"We conclude that we are without jurisdiction to entertain the appeal and that the certificate of probable cause and stay of execution were improvidently granted".

In Commonwealth of Pennsylvania ex rel. Ricks v. Maroney, 3 Cir., 314 F.2d 339 (1963), cert. den. sub nom. Ricks v. Maroney, 374 U.S. 816, 83 S.Ct. 1711, 10 L.Ed.2d 1039, we held that where the time for appeal from an order of the District Court had expired this Court could not grant a certificate of probable cause or leave to appeal *in forma pauperis*. There the District Court had denied a petition for a writ of habeas corpus on December 19, 1962 and the petition to this Court for a certificate of probable cause and for leave to appeal *in forma pauperis* was lodged with our Clerk on January 22, 1963.

In Zimmer v. Langlois, 331 F.2d 424 (1 Cir. 1964) where the District Court had denied a petition for a writ of habeas corpus on February 24, 1964 and an application for a certificate of probable cause on March 12, 1964, the First Circuit denied an application made to it on April 4, 1964 for a certificate of probable cause on the ground that it had been presented after the expiration of "the 30 days for appeal" from the February 24, 1964 order of the District Court. In doing so the Court cited its earlier decision in Ex Parte Farrell, 189 F.2d 540, 544 (1951), cert. den. sub nom. Farrell v. O'Brien, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634. There, the District Court had denied a petition for a writ of habeas corpus on March 22, 1951, and an application for a certificate of probable cause on April 4, 1951, and motions for the issuance of certificate of probable cause and for leave to proceed *in forma pauperis* were presented to the First Circuit on May 16, 1951.

In denying the two motions, Chief Judge Magruder, speaking for the First Circuit, said (189 F.2d p. 544):

"An appeal from an order of a United States district court dismissing a petition for writ of habeas corpus, where the detention complained of arises out of process issued by a state court, may not be taken to the court of appeals for review (1) unless notice of appeal is filed within thirty days after the entry of such order, 28 U.S.C. § 2107, and (2) unless the judge who rendered the order or a circuit justice or judge issues a certificate of probable cause, or at least unless the issuance of such certificate is applied for, within the thirty-day period, 28 U.S.C. § 2253. Following the analogy of the Matton case, supra [Matton Steamboat Co., Inc. v. Murphy, 319 U.S. 412, 63 S.Ct. 1126, 87 L.Ed. 1483 (1943)], if such application is made to the district judge and by him denied, the case cannot be got before the court of appeals for review unless within the thirty-day period another application for the issuance of a certificate is presented to a circuit judge or circuit justice, or * * * to the court of appeals itself."

Analogous here is Poe v. Gladden, 287 F.2d 249, 250–251 (9 Cir. 1961), where the entry of judgment in a habeas corpus proceeding was made on September 28, 1959; a certificate of probable cause was issued by a circuit judge on November 2, 1959, and notice of appeal was filed on December 4, 1959. The appeal was dismissed for lack of jurisdiction. The Court held that "The certificate of probable cause herein was improvidently entered" in view of the fact that it was issued "the thirty-fifth day after entry of the order of September 28, 1959", and "The appeal is not saved by the fact that a certificate of probable cause has been issued herein."

In United States ex rel. Geach v. Ragen, 231 F.2d 455 (7 Cir. 1956), it was held that a certificate of probable cause could not be issued by a federal appel-

late judge or court where 30 days had elapsed since the entry of the District Court's order denying a petition for a writ of habeas corpus even though notice of appeal had been filed within the 30-day period. In doing so the Court said (p. 457):

> "The application to one of the judges of this Court * * * for a certificate of probable cause, being [made] after the thirty day appeal period, was made too late. This Court is without power to grant the application, even if it were otherwise thought that there had been probable cause for the appeal".