**UNITED STATES of America ex rel. Edward John NOWAKOWSKI, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution.**

**No. 17077.**

United States Court of Appeals Third Circuit.

Argued May 24, 1968.

Decided June 21, 1968.

———◇———

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.

William D. Pfadt, Dist. Atty., James R. Dailey, Asst. Dist. Atty., Erie County, Erie, Pa., for appellee.

Before HASTIE, Chief Judge, and KALODNER and STALEY, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The terms of the Supreme Court's remand of this habeas corpus proceeding to us make it seem appropriate that we now decide this appeal on its merits, 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282, despite a serious question of appellate jurisdiction that is presented by the record.[1]

The appellant's principal contention is that his now challenged state conviction was obtained in a proceeding in which he did not have the effective assistance

---

1. This question is fully discussed in Judge Kalodner's dissenting opinion at an earlier stage of this litigation. United States ex rel. Nowakowski v. Maroney, 3 Cir., 387 F.2d 324, decided Dec. 28, 1967.

of counsel. The able presentation of this claim by presently assigned counsel has not convinced us that representation here fell short of constitutional requirements.

Defense counsel had a week or ten days after his appointment in which to prepare for trial. The district court found that counsel had visited and consulted with his client at least once during Nowakowski's pretrial incarceration. The district court also reviewed in some detail the course of the trial and concluded that the conduct of the defense satisfied the constitutional requirement of adequate representation. Our independent study of the record leads us to sustain that finding and conclusion.

The judgment will be affirmed.