**Robert W. FLINT, Jr., Plaintiff-Appellant,**

v.

**Francis HOWARD, Warden, Adult Correctional Institution, Defendant-Appellee.**

**No. 72–1010.**

United States Court of Appeals, First Circuit.

Heard May 1, 1972.

Decided June 15, 1972.

Rehearing Denied July 17, 1972.

---

Ralph J. Gonnella, Providence, R. I., by appointment of the Court, for appellant.

Donald P. Ryan, Asst. Atty. Gen., with whom Richard J. Israel, Atty. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from a denial by the district court of a petition for a writ of habeas corpus. The petition was filed by a state prisoner who contends that his guilty plea was made involuntarily and without adequate knowledge of possible consequences. The district court entered an order denying the petition on October 27, 1971. Petitioner's motion for reconsideration of the October 27 order, served on November 9, was denied by the court on December 2. A second motion for reconsideration was also denied, although the court did subsequently issue a certificate of probable cause for appeal under 28 U.S.C. § 2253.

A petition for a writ of habeas corpus is an "independent civil suit" rather than a part of the original criminal proceeding, Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3

L.Ed.2d 407 (1959); Riddle v. Dyche, 262 U.S. 333, 336, 43 S.Ct. 555, 67 L.Ed. 1009 (1923), and as such is governed by the rules applicable to the disposition of civil cases. Notice of appeal in such cases must be filed within thirty days of final judgment in the district court, Rule 4(a), F.R.A.P.; 28 U.S.C. §§ 2107 and 2253, unless the running of such period is earlier terminated by the timely filing of any one of several enumerated motions, including motions for reconsideration under Rules 52(b) and 59(e), Fed.R.Civ.P. In order to have been timely, petitioner's first motion for reconsideration of the October 27 order should have been filed within ten days —or by November 8. The untimeliness of the motion went unnoticed, however, and the district court considered and, after expiration of the thirty day appeal period, denied both motions for reconsideration on their merits.

■ In Jusino v. Morales & Tio, 139 F.2d 946 (1st Cir. 1944), we held that an untimely motion for reconsideration was a nullity and would not toll the statutory time in which to appeal even though the court considered and denied the motion on its merits. *See also* MacNeil Bros. Co. v. Cohen, 264 F.2d 190, 193 (1st Cir. 1959). The only exception to this general proposition has been fashioned to cover situations in which the movant has been induced to forego filing his notice of appeal within thirty days by some action by the district court indicating that the post-judgment motion was timely filed, when in fact it was not. *See, e. g.,* Wolfsohn v.

Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), rev'g, 116 U.S.App. D.C. 127, 321 F.2d 393 (1963); Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); Motteler v. J. A. Jones Const. Co., 447 F.2d 954 (7th Cir. 1971); Pierre v. Jordan, 333 F.2d 951 (9th Cir. 1964); 9 Moore's Federal Practice ¶ 204.12 [2] (2d ed. 1970); *cf.* Vine v. Beneficial Finance Co., 374 F.2d 627 (2d Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967).*

■ This exception does not provide a basis for our jurisdiction over the present appeal, however, since the district court did not in any way contribute to petitioner's failure to take an appeal within the allotted time. The mere filing in court of a motion noticed for hearing in due course is not such active court involvement in misleading a party as to invoke what has been called the *Thompson-Wolfsohn* rationale. The court did err on December 2 in denying petitioner's first motion for reconsideration on its merits rather than dismissing it because of its untimeliness, but by the time the court acted the thirty day appeal period had already passed. It is true that petitioner might still have applied for a thirty day extension of the original appeal period on an allegation of "excusable neglect", Rule 4(a), F.R. A.P., but no facts have been brought to our attention which would indicate that such an allegation could have been sustained. This is not a case in which petitioner failed to learn of the entry of judgment to his prejudice or a case in-

---

* We are aware of one case where, on similar facts, an appeal out of time and absent any court-induced delay was considered on its merits. United States ex rel. Nowakowski v. Maroney, 396 F.2d 802 (3d Cir. 1968). This case, it seems to us, can be explained only as an overcautious reaction to a Supreme Court mandate in the same matter. 386 U.S. 542, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967). The Supreme Court's mandate appears to us to have been directed merely to the requirement that, when a district court has issued a certificate of probable cause, a court of appeals must allow the docketing of the appeal *in forma pauperis* (assuming the requisite showing of poverty has been made) and must then proceed to a disposition in the ordinary manner. As pointed out on the first occasion which the Third Circuit had to deal with the case after remand, 387 F.2d 324 (1967), the Supreme Court did not allude in its opinion to the chronology of the appeal and the problem of lack of timeliness does not appear to have been a factor in the Court's determination.

volving other "extraordinary" circumstances. *See* Committee Note of 1966 to amended subdivision (a) of Rule 73, Fed.R.Civ.P. (recodified in 1968 as Rule 4(a), F.R.A.P.), reproduced in 9 Moore's Federal Practice ¶ 203.25 [3] (2d ed. 1970). A finding of "excusable neglect" on the facts of the present case would therefore have been unwarranted. *See, e. g.,* Pasquale v. Finch, 418 F.2d 627 (1st Cir. 1969); 9 Moore's Federal Practice ¶ 204.13 [1] (2d ed. 1970).

The appeal is dismissed for lack of jurisdiction.

## ON PETITION FOR REHEARING

 The petitioner seeks rehearing on three grounds. First, he claims that after he filed his November 9 motion for reconsideration in the district court, a telephone call from a court clerk stating that new rules forbad the noticing of hearing dates by counsel and that the court desired a memorandum as soon as possible constituted such misleading action by the court as to bring this case within the rationale of the *Thompson-Wolfsohn* rule discussed in the opinion. We construe this rationale, despite some aberrances, *see* 9 Moore's Federal Practice ¶ 204.-12 [2], at 958 n. 10 (2d ed. 1970), to be limited to cases where the district court took actions or made statements directly related to the timeliness of a party's motion. To construe the mere receipt and taking under advisement of motions as implied extensions of time would be to place a burden on the court which the rules place upon a litigant.

A second alleged ground for rehearing is a plea to add the three-day grace period described in Rule 6(e), Fed. R.Civ.P., to the time allowed for filing a Rule 52 or 59 motion. The problem with this argument is that Rules 52 and 59 both provide that the 10 days within which a motion for reconsideration must be filed begins to run from "entry of judgment" rather than from receipt of notice and Rule 6(b), Fed.R.Civ.P., prohibits enlargement of such time. Petitioner's ingenious and undocumented ef-

fort to justify an additional three-day mailing period does not persuade us.

Finally, petitioner asks that we treat his motion for reconsideration as a motion to vacate judgment under Rule 60(b). We have elsewhere resisted a like request, Silk v. Sandoval, 435 F.2d 1266 (1st Cir.), cert. denied, Silk v. Kleppe, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971), and we do so here.

While perhaps legally irrelevant, *but see* 28 U.S.C. § 2244(a); Smith v. Yeager, 393 U.S. 122, 124–125, 89 S.Ct. 277, 21 L.Ed.2d 246 (1968), we would add that our view of the merits, which we tentatively formed prior to finally resolving the question of jurisdiction, does not indicate this to be a case where technical rules have immunized a miscarriage of substantive law.

The petition is denied.