**Roger Jay KLIER, Petitioner-Appellant, Summary Calendar.***

v.

**Louie L. WAINWRIGHT, Director, Division of Correction, Respondent-Appellee.**

**No. 72-1474**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 17, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Jerome M. Rosenblum, J. Leonard Fleet, P. A., Hollywood, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., Andrew I. Friedrich, West Palm Beach, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge.

The petition of Klier, a Florida state prisoner in the custody of the respondent-appellee Wainwright, for a writ of habeas corpus was denied by the court below. Klier's confinement resulted from a revocation after hearing of his state probation on a nolo contendere plea to the offense of entering without breaking a dwelling house with intent to commit a felony. The revocation of probation was affirmed by the Florida District Court of Appeal on direct appeal. Klier v. State, Fla.App. 4, 1971, 246 So. 2d 177. The petition was then presented to and dismissed by the United States District Court. We affirm the district court on the merits on the basis of its memorandum decision, Klier, Petitioner, v. Wainwright, Respondent, S.D.Fla. 1971, 345 F.Supp. 947.

One further matter requires discussion. The appellee preliminarily urges that this appeal should be dismissed as not timely filed because the certificate of probable cause (required by Title 28, U.S.C., Section 2253, in appeals from the denial of habeas corpus relief where the detention complained of arises out of process issued by a state court) was not secured until eighty days after entry of the order appealed from. This contention is made despite the fact that the notice of appeal was timely filed.[1] The respondent-appellee asserts on brief that "there is a time limit for seeking a certificate of probable cause, and it is the same time limit which applies to filing a notice of appeal".

In support of this proposition three cases are cited: Zimmer v. Langlois, 1 Cir. 1964, 331 F.2d 424; Buder v. Bell, 6 Cir. 1962, 306 F.2d 71; United States ex rel. Kreuter v. Baldwin, 7 Cir. 1931, 49 F.2d 262. The first two cases are clearly inapposite. *Zimmer* involved a situation where no notice of appeal had been filed and an application for certificate of probable cause was filed more than thirty days after the order sought to be appealed from. Buder v. Bell was an appeal taken by the State of Michigan from an order granting habeas corpus relief to a state prisoner. The appeal was timely filed. The case was decided in 1962 prior to the adoption of the Federal Rules of Appellate Procedure and their effective date of July 1, 1968. F. R.A.P. Rule 22(b) now makes it clear

---

1. The district court's order of dismissal was entered November 15, 1971, and the notice of appeal from that order was filed December 9, 1971.

that a certificate of probable cause is not required of a state or its representative. In Buder v. Bell the State applied within thirty days of the order releasing the habeas petitioner for a certificate of probable cause but the district judge delayed entering the order of denial past the thirty-day limit for appeal. The Sixth Circuit reached two conclusions in this situation: (1) the application for the certificate of probable cause was not prejudiced by the delay of the judge in ruling on the application; and (2) correctly anticipating the rule adopted by the Supreme Court in F.R.A.P. Rule 22 (b), supra, held that it was not necessary for the State to obtain a certificate of probable cause. We find no help in the respondent-appellee's citation of these cases.

The third case cited by the appellee, United States ex rel. Kreuter v. Baldwin, County Sheriff, 7 Cir. 1931, 49 F.2d 262, does support the proposition to which it is cited. There a successful habeas petitioner obtained an order from the district court authorizing his appeal and his record on appeal was filed with the Seventh Circuit. No request was made of the district judge for a certificate stating that there was probable cause for appeal as required by Title 28, U.S.C., Section 466 (the predecessor statute to Title 28, U.S.C., Section 2253). The appellant requested permission by the appeals court to return the record to the district court so as to obtain the certificate of probable cause. The request was granted and the district court on request granted the certificate, but the district court's action did not occur until after the expiration of the term of court at which the judgment appealed from was entered and after expiration of the time fixed for taking an appeal. The Seventh Circuit, reasoning that since it has no authority to extend the time for taking an appeal, and further since the appeal could not be taken without a certificate of probable cause, and since the

probable cause certificate was not issued during the time within which the appellant was permitted an appeal determined that it had no jurisdiction of the appeal. The appeal was dismissed.

We decline to follow *Baldwin* for several reasons. It was decided 41 years ago and has not been extensively followed by other courts although the Seventh Circuit has not overruled it. See, e. g., United States ex rel. Geach v. Ragen, Warden, Illinois State Penitentiary, 7 Cir. 1956, 231 F.2d 455, 457 and cases there cited. The Seventh Circuit now deals with the question by its local Rule 11(f) which provides in effect that a certificate of probable cause must be obtained before an appeal may be "filed".

Seven years after *Baldwin*, supra, was decided the Federal Rules of Civil Procedure were adopted. F.R.Civ.P. Rule 73(a) provided:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."

Civil Rules 72–76 were abrogated with the adoption of the Federal Rules of Appellate Procedure effective July 1, 1968. F.R.A.P. Rule 3(a) carries forward intact the language above quoted from former Civil Rule 73(a). This language, while not conclusive, is, when considered along with the failure of the Rules of Appellate Procedure to set out a time limit within which a certificate of probable cause must be obtained, most persuasive.

Finally we have the benefit of an exhaustive and definitive opinion decided in 1968 by the Third Circuit sitting en banc, Fitzsimmons v. Yeager, Principal Keeper of the New Jersey State Prison, etc., 3 Cir. 1968, 391 F.2d 849. There the Third Circuit after reviewing the conflicting decisions of the other circuits[2] as well as its own prior deci-

---

2. The two Fifth Circuit cases cited, Johnson v. Mayo, 1958, 256 F.2d 761, and

Loper v. Ellis, 1955, 224 F.2d 901, are not directly on point.

sions set forth six definite guidelines to be applied to all pending and future cases and which it said would additionally be set out in an amendment to that Circuit's rules of court, superseding the then present Third Circuit Rule 11(f). We quote from our sister Circuit:

"On full reconsideration of the subject we have reached the following conclusions, which we set out as rules for the guidance of the bar and of prisoners acting pro se in habeas corpus cases where the detention complained of arises out of process issued by a state court:

\*    \*    \*    \*    \*    \*

"4.    A certificate of probable cause need not be sought or obtained within the period of thirty days from the denial of the petition for habeas corpus. The statute (28 U.S.C. § 2253) fixes no prescribed time within which a certificate of probable cause must be sought, or obtained, nor does it require the issuance of a certificate of probable cause as a condition precedent to the filing of a notice of appeal. It is true that § 2253 provides that an appeal may not be 'taken' in habeas corpus actions attacking state detention unless a certificate of probable cause is issued, but this must be read to mean, not that a notice of appeal may not be filed with its usual effect, but that the appeal may not proceed until a certificate of probable cause is issued. This interpretation is in harmony with Rule 73(a) which provides: 'Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.' Proposed Rule 3(a) of the Federal Rules of Appellate Procedure contains the same language.

"A certificate of probable cause may be applied for informally, and a paper will be deemed an application for a certificate of probable cause regardless of its form or how it is entitled if its contents disclose the purpose to obtain a certificate of probable cause." 391 F.2d 849 at 853–854.

■■ We agree with the holding of *Fitzsimmons* that while Title 28, U.S.C., Section 2253, provides that an appeal may not be "taken" in state habeas cases unless a certificate of probable cause is issued, this must be read to mean not that a notice of appeal may not be filed with its usual effect but only that the appeal may not *proceed* until a certificate of probable cause is issued.[3]

For the reasons indicated we determine that there is no substance in the contention of the appellee that we have no jurisdiction to consider this appeal on the merits. As indicated above, we determine that the district judge correctly dealt with the merits.

Affirmed.

---

3.    This is in accord with the provision of Rule 22(b), Federal Rules of Appellate Procedure:

"In a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court, an appeal by the applicant for the writ *may not proceed* unless a district or a circuit judge issues a certificate of probable cause." [Emphasis supplied]