The plaintiffs purported to bring a class action seeking damages and injunctive relief against the defendants concerning forfeiture of the New England Patriots's first round draft choice as punishment for an incident commonly referred to as "Deflategate." After their case was dismissed, the plaintiffs sought postjudgment relief, which was denied. We affirm.
Background. The plaintiffs initiated this class action on December 23, 2016. On February 27, 2017, a Superior Court judge dismissed the complaint with prejudice for lack of standing and failure to state a claim. More than ten days after the entry of judgment, on March 10, 2017, the plaintiffs served on the defendants a motion for findings of fact and conclusions of law (postjudgment motion for findings).[3] The plaintiffs' postjudgment motion for findings was denied on April 3, 2017. On April 12, 2017, the plaintiffs filed a notice of appeal from the February 27, 2017, judgment (first appeal), which was dismissed as untimely on May 5, 2017.
On May 15, 2017, plaintiffs filed a motion for reconsideration of the order dismissing the first appeal, which was denied on May 16, 2017. On May 25, 2017, the plaintiffs filed a notice of appeal "from [the] judgments entered against them," which is the appeal before us now. We treat this as a notice of appeal of the May 16, 2017, order denying the plaintiffs' motion for reconsideration because that is the only timely appeal that could have been taken. We affirm.
Discussion. We review the order denying the motion for reconsideration for abuse of discretion. L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." Id., quoting Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).
A notice of appeal must be filed "within thirty days of the date of the entry of the judgment appealed from." Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013). In this case, the plaintiffs filed the first appeal on April 12, 2017, forty-four days after the February 27, 2017, entry of judgment. The plaintiffs argue that their first appeal nonetheless is timely because the postjudgment motion for findings tolled the deadline to file the first appeal. However, certain postjudgment motions (including motions for findings, as was filed here) only toll the appeal period when the motion is made within ten days of the entry of judgment. See Mass. R. A. P. 4 (a) ; Mass. R. Civ. P. 52 (b), as amended, 423 Mass. 1402 (1996). In this case, the postjudgment motion for findings was not made within ten days of the entry of judgment; the plaintiffs served the postjudgment motion for findings on March 10, 2017, eleven days after the entry of judgment on February 27, 2017.[4]
On appeal, the plaintiffs do not dispute that their postjudgment motion for findings was filed more than ten days after entry of judgment. Instead, the plaintiffs argue that the judge erred in denying the motion for reconsideration because Mass. R. Civ. P. 6 (d), 365 Mass. 747 (1974), commonly known as the "mailbox rule," provided them with three additional days to serve the postjudgment motion for findings. Specifically, the plaintiffs assert that they did not receive the February 27, 2017, judgment by mail until March 2, 2017; thus, their March 10, 2017, postjudgment motion for findings was within the ten-day deadline. We disagree.
As the judge explained in a well-reasoned memorandum, the three-day extension due to service by mail does not apply to the plaintiffs' deadline for filing their postjudgment motion for findings. Rule 6 (d) provides, in pertinent part: "Whenever a party ... is required to do some act ... within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period." Here, however, the plaintiffs were not responding to a notice or paper served upon them by mail; thus, rule 6 (d) by its terms does not apply. See Commonwealth v. White, 429 Mass. 258, 261-262 (1999) (time period for filing notice of appeal begins to run upon entry of judgment, not upon service). See also Flint v. Howard, 464 F.2d 1084, 1087 (1st Cir. 1972). Accordingly, we conclude that the judge did not abuse his discretion in denying the plaintiffs' motion for reconsideration.[5] ,[6]
To the extent the plaintiffs are arguing that their postjudgment motion for findings was a motion pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), and it was incorrectly denied, the May 25, 2017, notice of appeal does not properly raise that issue. That notice stated that it was limited to appeal of the "judgments." Even if we look past this failure, the plaintiffs' lone statement about rule 60 (b) (3) is unsupported by authority or factual analysis and does not rise to the level of reasoned appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("The argument ... shall contain ... citations to the authorities, statutes and parts of the record relied on"); K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014) (court will not consider claims that do not "rise to the level of reasoned appellate argument as contemplated by [ rule 16 (a) (4) ]").
Order entered May 16, 2017, denying reconsideration, affirmed.

The plaintiffs' postjudgment motion for findings was served on March 10, 2017, but the docket indicates that the plaintiffs filed the motion on March 30, 2017, while one of the defendants filed an opposition to the plaintiffs' postjudgment motion for findings on March 20, 2017. For purposes of this decision, we will give the plaintiffs the benefit of the earlier service date, March 10, 2017. This does not alter our analysis.

The defendants argue that the plaintiffs' postjudgment motion for findings could not have tolled the ten-day deadline because the motion was procedurally "nonsensical" and not proper under Mass. R. Civ. P. 52 (b). Because we conclude that the postjudgment motion for findings did not toll the deadline, we need not reach this issue.

In light of our decision, the motion, filed by two of the defendants, to strike a portion of the plaintiffs' statement of issues and to limit the issues on appeal is moot.

The defendants request attorney's fees and costs in connection with this appeal. We deny their requests. To the extent the plaintiffs request attorney's fees for this appeal, that request is also denied.